OPINION
Appellant Arlene Henson appeals a judgment of the Delaware Municipal Court convicting her of Operating a Motor Vehicle While Intoxicated (R.C. 4511.19(A)(1)), Resisting arrest (R.C.2921.33(A)), and Disorderly Conduct (R.C. 2917.11(B)(1)):
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN OVERRULING THE MOTIONS IN LIMINE FILED BY DEFENDANT-APPELLANT HENSON ON NOVEMBER 12, 1997 AND APRIL 10, 1998.
 II. THE TRIAL COURT ERRED IN OVERRULING THE "MOTION TO ENJOIN STATE FROM PRESENTING THE OMVI AND DISORDERLY CONDUCT CHARGES TO THE JURY", FILED BY DEFENDANT-APPELLANT HENSON ON APRIL 10, 1998.
 III. THE TRIAL COURT ERRED IN OVERRULING THE "MOTION TO DISMISS, DEPRIVATION OF SPEEDY TRIAL", FILED BY DEFENDANT-APPELLANT HENSON ON APRIL 10, 1998.
 IV. THE STATE BREACHED A PLEA AGREEMENT BY PROSECUTING DEFENDANT-APPELLANT HENSON ON THE OMVI AND DISORDERLY CONDUCT CHARGES AFTER SHE FULFILLED HER DUTIES UNDER THE AGREEMENT BY PLEADING GUILTY TO RECKLESS OPERATION, FAILURE TO COMPLY, AND RESISTING ARREST.
On October 9, 1997, Deputy Berry of the Delaware County Sheriff's Department was traveling on Shanahan Road. He noticed appellant driving a vehicle traveling westbound, with two wheels in a ditch along the road, and two wheels on the berm of the road. As Deputy Berry was about to pass appellant's vehicle, she over steered the car, crossing over the center line, nearly colliding with Deputy Berry. Deputy Berry immediately turned on his overhead lights, and shouted to appellant to wait. Deputy Berry followed appellant into a driveway.
Once in the driveway, appellant approached the cruiser, and told the deputy to "fuck off" and get off the property. She then moved toward the house. Appellant continued to proceed toward the house, despite Deputy Berry's request to stop. Deputy Berry grabbed appellant's arm, and asked to see her driver's license. Eventually, she complied.
During the traffic stop, the deputy smelled an odor of alcohol coming from appellant. He noticed that her speech was slurred, and her eyes were red and glassy. The deputy asked appellant to perform several field sobriety tests, which she failed.
Based on his observations, Deputy Berry placed appellant under arrest for Operating a Motor Vehicle While Under the Influence of Alcohol. As he began to handcuff appellant, she pulled away, and began to struggle with him. Deputy Miller came to help. Appellant directed profane language toward the officers during the arrest.
Appellant was charged with Reckless Operation, Failure to Comply with the Order of a Police Officer, Disorderly Conduct, Operating a Motor Vehicle While Intoxicated, and Resisting Arrest.
After her motion to suppress was overruled, appellant changed her plea to guilty of Reckless Operation, Failure to Comply with the Order of a Police Officer, and Resisting Arrest. The court initially indicated that he would accept the plea. However, after hearing the Statement of Facts, and discussing the plea with appellant on the record, the court rejected the plea.
The case proceeded to jury trial. Appellant was convicted of Driving Under the Influence of Alcohol, Resisting Arrest, and Disorderly Conduct. She was acquitted of Reckless Operation and Failure to Comply with the Order of a Police Officer.
 I.
Appellant argues that the court erred in overruling her motion to suppress, as the officer lacked probable cause to arrest her. She bases this argument on the fact that she was acquitted of Reckless Operation and failing to obey the order of a police officer. However, the proof of criminal conduct required for conviction, beyond a reasonable doubt, is substantially higher than the standard of probable cause required for a lawful arrest. Therefore, the mere fact that she was acquitted on several of the charges does not necessarily mean that the court erred in overruling the motion to suppress.
The motion to suppress was heard by a Magistrate. We have no record of the proceedings before the Magistrate. In addition, appellant failed to object to the Magistrate's report concerning suppression, as required by Crim.R. 19(C).
The first Assignment of Error is overruled.
 II.
Appellant argues that the court erred in denying her motion to dismiss the charges of Disorderly Conduct and Operating a Motor Vehicle While Intoxicated. She argues that the prosecutor entered a nolle prosequi on these charges at the time she entered her plea of guilty, pursuant to a plea agreement. She argues that because theses charges were not refiled, the court erred in proceeding to trial on these charges.
The terms of the plea agreement do not appear in the record. There is nothing in the record to indicate that the state dismissed the charge of Disorderly Conduct. There is a stamp and notation on the front of the ticket for Operating a Motor Vehicle While Intoxicated which reads, "dismissed per prosecutor." However, a written notation appears on the ticket, indicating that on January 23, 1998, this was set aside, as the guilty plea was not accepted. Most of appellant's argument of this Assignment of Error relies on discussions concerning the plea agreement, which are not a part of the record. When portions of the transcript necessary to resolve issues are not part of the record, the Court of Appeals must presume regularity and affirm. Knapp vs. EdwardsLaboratories (1980), 61 Ohio St.2d 197.
Although appellant claims that the court accepted the State's dismissals, this does not appear in the record. A court of record speaks only through its journal. State vs. Mincy (1982), 2 Ohio St.3d 6. As noted above, the journal is silent as to the dismissal of the Disorderly Conduct charge, as is the transcript. Further, the journal reflects that the rubber-stamped dismissal on the DUI ticket was changed when the court rejected the plea. Therefore, it appears from the record that the dismissal was inextricably tied to the guilty plea, and when the court rejected the guilty plea, the court rejected the entire agreement.
The court did not err in allowing the State to proceed to trial on these two charges. The second Assignment of Error is overruled.
 III.
Appellant argues that she was not brought to trial within 90 days, as required by R.C. 2945.71(B)(2). Appellant's trial was conducted 183 days after her arrest. Appellant concedes that the time within which she must be brought to trial was properly tolled for 71 days. However, appellant argues that after considering the 71 days during which the time was still brought to trial 112 days after her arrest.
As noted by appellant, the speedy trial clock was properly tolled for 28 days from November 12, 1997, through December 9, 1997, pursuant to appellant's motion to suppress. R.C.2945.72(E). In addition, the time was tolled for 43 days, from December 11, 1997 through January 23, 1998, due to a continuance at appellant's request. R.C. 2945.72(H).
R.C. 2945.72(H) extends the time within which a defendant must be brought to trial due to a continuance requested by the defendant, and to any other reasonable continuance not granted on the defendant's motion. On January 23, 1998, the court continued the case after plea negotiations broke down. The court's judgment states that plea negotiations broke down after the court refused to accept the plea of guilty. The court noted in its judgment that the jury was released for the day and the trial, therefore, was continued. This was a reasonable continuance other than on the motion of appellant. The time accordingly was tolled for 34 days, from January 23, 1998 through February 27, 1998.
The time was properly tolled for 105 days. Therefore, appellant was brought to trial 78 days following her arrest, well within the speedy trial limitation of 90 days.
The third Assignment of Error is overruled.
 IV.
Appellant argues that the State breached its plea agreement by proceeding to trial on the charges of Driving While Intoxicated and Disorderly Conduct. Appellant argues that she complied with her part of the plea agreement by entering a plea of guilty, and the State, therefore, was required to dismiss these two charges, despite the fact that the court rejected her plea of guilty.
As noted in Assignment of Error II. above the plea agreement does not appear in the record. Therefore, we cannot resolve this issue, and we must presume regularity and affirm. Knapp, supra.
The fourth Assignment of Error is overruled.
The judgment of the Delaware Municipal Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware Municipal Court is affirmed. Costs to appellant.