OPINION
Defendant-appellant Carrie Paul appeals from her conviction and sentence for Assault. Paul contends that the trial court erred when it denied her motion for discharge under the Speedy Trial statute, R.C. 2945.71 — .73. Although the trial court timely entered continuances of the trial date, those continuances were not accompanied by any explanation of the reasons therefor. Accordingly, Paul's motion for discharge, on the eve of trial, was well-taken, and the trial court erred in denying it.
The judgment of the trial court is Reversed, and Paul isDischarged.
 I
On November 28, 1998, Paul was charged with Assault, a first degree misdemeanor. The offense was alleged to have occurred the preceding day. The case was originally set for trial on December 9, 1998, but on Paul's motion, the trial was continued in order that a pretrial could be held on December 18, 1998. At that time, trial was set for January 22, 1999.
On that date, January 22, 1999, the trial was continued to February 12, 1999. On that date, the trial was continued to March 5, 1999. On that date, the trial was continued to March 19, 1999.
On March 18, 1999, the day before the scheduled trial date, Paul filed a motion for discharge under the Speedy Trial statute. That motion was denied on March 19th, and Paul was tried by a jury. She was found guilty, a judgment of conviction was entered, and she was sentenced accordingly. From her conviction and sentence, Paul appeals.
 II
Paul's sole assignment of error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING HER MOTION TO DISMISS FOR FAILURE TO PROVIDE A SPEEDY TRIAL.
Pursuant to R.C. 2945.71(B)(2), a person charged with a first degree misdemeanor is entitled to be brought to trial within 90 days of the issuance of summons. In the case before us, summons was issued November 28, 1998, and Paul was tried on March 19, 1999, 110 days after the issuance of summons.
Paul concedes that the 9-day interval between her motion for a pretrial and the holding of that pretrial is properly chargeable to her, not to the State. She points out that there is still a delay of 101 days when this is taken into consideration, so that she is entitled to discharge under the Speedy Trial statute,
The State argues that all of the continuances should be charged to Paul, because they were all at her request, to accommodate her trial counsel's schedule. In its entry denying the motion for discharge, the trial court recites that each of the subsequent continuances was at the request of Paul's trial counsel, informally made in chambers.
Unfortunately, nothing was put upon the record to reflect the reasons for the continuances subsequent to the initial continuance. One of those continuances is appended to this opinion. They are all in the same format. Each merely reflects that the matter has been set for a jury trial on a specified date. Below the judge's typed name, the defendant, Paul, has subscribed her name.[1] There is nothing in any of these continuances to indicate the reason for the continuance, or that the continuance was at the defendant's request. The defendant's signature does not fairly imply that it was at her request, since a more likely explanation is that her signature was obtained in order to make sure that she was on notice of the new trial date, and her obligation to appear for trial.
We have no reason to doubt the trial judge's explanation, in her decision denying Paul's motion for discharge, that each of the continuances was at Paul's request, to accommodate her trial counsel's schedule. The problem is that this explanation was not entered in the record before the expiration of the statutory time limit. A defendant is entitled, prior to the expiration of the statutory time limit, to one of the following: (1) a trial on the charges or, (2), if the case is being continued by the court or the prosecutor, the reason the defendant is not being tried. "Since a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit." State v. Mincy (1982),2 Ohio St.3d 6, at 8. Although the holding in Mincy, supra, does not literally address the situation where the continuance is at the defendant's own request, the clear implication of the holding is that when a continuance is at the defendant's request, the trial court must make record, before the expiration of the statutory time limit, of the fact that the continuance is pursuant to the defendant's request. Of course, if the defendant's motion for a continuance is of record, that would suffice.
We sympathize with the trial judge, who was apparently attempting to accommodate Paul and her attorney. Nevertheless, under State v. Mincy, supra, the fact that a continuance is being granted at the defendant's request must be memorialized in the record before the expiration of the statutory time limit. In the case before us, that memorialization occurred only after the statutory time limit had already expired.
Paul's sole assignment of error is sustained.
 III
Paul's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and Paul is Discharged.
BROGAN J., concurs.
[1] Query whether any continuances were actually entered in this case, since they do not bear even the judge's signature stamp, but merely her typed name. The lack of any entries continuing the trial would further weaken the State's position, since it would not have any continuances upon which to base an argument that the time within which to bring Paul to trial under the Speedy Trial statute had been extended. In view of our disposition of this appeal, we need not consider this problem, which Paul has not argued.