THE STATE OF OHIO, APPELLANT, *v.* MINCY, APPELLEE.

[Cite as State *v.* Mincy (1982), 2 Ohio St. 3d 6.]

(No. 81-1750—Decided November 10, 1982.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Ted E. Millspaugh,* for appellant.

*Mr. Jack H. Berger,* for appellee.

CELEBREZZE, C.J. The sole issue to be determined in this appeal is whether a trial court may wait until after the expiration of the statutory time within which a criminal defendant must be brought to trial to file its journal entry continuing the case and setting forth the reasons for granting the continuance.

R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days after his arrest. R.C. 2945.71(E) states that for purposes of computing time under R.C. 2945.71(C)(2), each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three days. Appellee was arrested on July 28, 1980 and was immediately placed in custody and remained in jail. As a consequence, appellee should have been brought to trial on or before October 27, 1980.

However, R.C. 2945.72 states:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

Thus, the time limit provisions in R.C. 2945.71 are flexible to a degree. In fact, this court has on several occasions determined that *sua sponte* extensions beyond the time prescribed in R.C. 2945.71 were reasonable. See, *e.g., State* v. *Lee* (1976), 48 Ohio St. 2d 208 [2 O.O.3d 392], and *Aurora* v. *Patrick*

(1980), 61 Ohio St. 2d 107 [15 O.O.3d 150]. A close inspection of these cases reveals that the continuances were made by journal entry *prior* to the expiration of the time limit in R.C. 2945.71.

In *State* v. *Montgomery* (1980), 61 Ohio St. 2d 78 [15 O.O.3d 119], where we upheld the discharge of the defendant, it was stated:

"* * * [A] trial court which chooses to exercise its discretion under R.C. 2945.72(H) to *sua sponte* continue a defendant's cause should do so prior to the expiration of the statutory period prescribed by R.C. 2945.71. In the instant cause, it is uncontroverted that the court's action under the authority of R.C. 2945.72(H) occurred after the expiration of the statutory period within which appellee should have been brought to trial." *Id.* at 81.

In the case *sub judice,* the state argues that because the trial was set within the ninety day period and the continuance was reasonable, no violation of R.C. 2945.71 occurred even though no entry had been made prior to the expiration of the ninetieth day.[1] We cannot agree. This court has previously condemned after-the-fact extension and does not find it to be a meaningful distinction that appellee's trial was initially scheduled within the statutory time limit. The General Assembly has placed a burden upon the prosecution and the courts to try criminal defendants within a specified time after arrest. If we were to follow the state's reasoning, the only burden upon the prosecution and the courts would be to assure that a trial is scheduled within the appropriate time limit as long as it could subsequently be explained why the defendant was not brought to trial within the statutory time frame. It is obvious such reasoning does not comport with the purposes of the speedy trial statutes. See *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104 [73 O.O.2d 357]; *State* v. *Siler* (1979), 57 Ohio St. 2d 1 [11 O.O.3d 1].

It is undisputed that in the case *sub judice* the ninety-day period within which appellee was to be brought to trial expired before the trial court filed a journal entry continuing the case. Consequently, we find that appellee, prior to the expiration of the statutory time limit, was entitled to one of the following: (1) a trial on the charges or, (2) if his case was being continued by the court or prosecutor, the reason he was not being tried. Since a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit. See, *e.g., Andrews* v. *Bd. of Liquor Control* (1955), 164 Ohio St. 275 [58 O.O. 51]; *Schenley* v. *Kauth* (1953), 160 Ohio St. 109 [51 O.O. 30].[2]

---

[1] Today's decision should in no way be construed as passing on the reasonableness of the grounds for the *sua sponte* continuance in the case at bar. That issue is clearly not before us.

[2] This provision does not place an undue burden on the trial court. The statute mandates a trial within a specified time. If it should develop that the trial cannot go forward as scheduled, it necessarily follows that the events which would force postponement of the trial would come to the attention of the trial court on or before the scheduled trial date. Thus, it is reasonable to conclude that a trial court should be able to prepare and file a journal entry before the statutory time limit expires.

We therefore hold that, when *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial.

Accordingly, the judgment of the court of appeals is affirmed.[3]

*Judgment affirmed.*

W. BROWN, SWEENEY and KRUPANSKY, JJ., concur.
LOCHER, HOLMES and C. BROWN, JJ., dissent.

HOLMES, J., dissenting. The judgment of the court of appeals should be reversed. The intent of the General Assembly in enacting, and the public purpose served by the enactment of, the so-called "speedy trial" statute, R.C. 2945.71, was to bring a criminally accused person to trial within a reasonable time frame. As to the computation of time, the section provides that an incarcerated person must be brought to trial within ninety days from date of arrest. R.C. 2945.72(H) provides that the time within which an accused may be brought to trial may be extended for certain specific reasons set forth therein. One of such reasons contained in subsection (H) is:

"The period of any continuance granted on the accused's own motion, and *the period of any reasonable continuance granted other than upon the accused's own motion.*" (Emphasis added.)

It is clear that this court has stated that where a trial court has failed to set a trial date for one criminally accused prior to the running of the statutory time, a continuance thereafter will be held to be unreasonable. *State v. Montgomery* (1980), 61 Ohio St. 2d 78 [15 O.O.3d 119]; *State v. Siler* (1979), 57 Ohio St. 2d 1 [11 O.O.3d 1]; *State v. Pudlock* (1975), 44 Ohio St. 2d 104 [73 O.O.2d 357].

Conversely, this court has held that when the trial date is set within the statutory time set forth in R.C. 2945.71, and an entry is made by the trial court prior to the running of that time, the continuance will be held to be reasonable where there are crowded docket conditions. *State v. Lee* (1976), 48

---

In the case at bar, the trial court knew on the eighty-seventh day of appellee's confinement that the trial would not be held as scheduled. As a result, the trial court had three days to prepare and file a journal entry continuing appellee's case before the ninety-day period elapsed. We believe the trial court had ample time to file a journal entry explaining to the appellee why his trial date was extended beyond the statutory time period.

[3] We are reluctantly aware that our decision requires that appellee, convicted by a jury of a serious offense, be discharged and that another prosecution on this charge is barred. R.C. 2945.73(D). However, we are equally mindful that we have consistently held that the speedy trial statutes are mandatory and must be strictly enforced. *State v. Pachay* (1980), 64 Ohio St. 2d 218, 221 [18 O.O.3d 427].

Ohio St. 2d 208 [2 O.O.3d 392]; see, also, *Aurora* v. *Patrick* (1980), 61 Ohio St. 2d 107 [15 O.O.3d 150] (continuance proper for legal holiday).

The facts of the instant case should reasonably bring this court to the same conclusion as did the latter group of cases in that, unlike the facts in *Siler, Pudlock* and *Montgomery,* the record here affirmatively demonstrates that the defendant's case was set for trial within the time limitation of the statute and, equally important, this record contains sufficient evidence to demonstrate both the *necessity* and *reasonableness* of the continuance. The record specifically shows that the trial judge became aware on the date originally set for trial that he would still be engaged in a criminal trial which had been commenced a number of days earlier. Such information was conveyed to counsel for the defendant on the date set for trial, and counsel was at such time given a scheduling conference date.

Thus, the instant case is clearly not one involving any attempt or ploy by either the prosecution or the trial court to undercut the provisions of the "speedy trial" statute, or the legislative intent behind such law. The mere mechanical failure of the trial court to record its continuance prior to the expiration of the statutory time limits should not invalidate such good faith continuance which was, in my view, within the spirit and intent of the statute.

The invalidation of the *sua sponte* continuance in this case by the court of appeals and the majority of this court, merely because such entry was not recorded until after the expiration of the ninety-day period constitutes a disregard for the recognized principle that R.C. 2945.72 was enacted by the General Assembly because strict time limits for trials could not be imposed in all instances. The unreasonably strict interpretation of this section of law as evidenced by the opinion of the majority unfortunately allows a convicted criminal to again roam the streets and offer a potential threat to society. Such a determination renders the speedy trial law a sword against, rather than a shield for, the best societal interest.

Therefore, I would reverse the court of appeals.

LOCHER and C. BROWN, JJ., concur in the foregoing dissenting opinion.