OPINION
Appellant Frank Rock appeals a judgment of the Licking County Municipal Court convicting him of DUI (R.C. 4511.19(A)(1)) and Failure to Travel in Marked Lanes (R.C. 4511.33):
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS.
 II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S SPEEDY TRIAL MOTION.
 III. THE TRIAL COURT ERRED IN CONTINUING THE ALS AFTER A FINDING OF GUILTY ON THE DWI.
 IV. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A MISTRIAL.
 V. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DISALLOWING APPELLANT TO INTRODUCE EVIDENCE.
 VI. THE JUDGMENT OF GUILTY ON THE DWI CHARGE IS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.
 VII. THE TRIAL COURT ERRED IN FINING APPELLANT $80.00 AND IMPOSING COSTS ABSENT A SPECIFIC FINDING OF GUILTY ON THE MARKED LANES CHARGE.
 VIII. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN IMPOSING ITS DWI SENTENCE.
At 1:50 A.M. on June 10, 1997, Trooper Elton Lee of the Ohio State Highway Patrol was on duty in Licking County. While driving on State Route 16, he was following a vehicle driven by appellant. Trooper Lee observed appellant's tires cross the white line on the right-hand side of the road five times in a span of one-half to one mile. Appellant was traveling 65 miles per hour in a sixty-mile-per-hour zone. Trooper Lee stopped appellant's vehicle. Upon stopping the vehicle, he noticed a strong odor of alcohol about appellant. Appellant's eyes were glassy and red, his face was flushed, his speech was slurred, and he looked dazed. He asked appellant to get out of the vehicle. As appellant walked toward the patrol car, he staggered.
The trooper administered a variety of sobriety tests. On the horizontal gaze nystagmus test,, appellant exhibited all six clues of an alcohol-impaired person. On the one-legged stand test, appellant put his foot down four times during five seconds. On the walk and turn test, appellant had to stop several times to regain his balance, and had trouble touching his heel to his toe.
Trooper Lee took appellant to the police station. While appellant initially agreed to a breath test, appellant could not blow hard enough into the machine to register a result. The trooper then entered a refusal on the form.
The case proceeded to jury trial in the Licking County Municipal Court on the charge of DUI. The charge of Failure to Travel in Marked Lanes was tried to the court. Following trial, appellant was convicted as charged. On the DUI conviction, appellant was fined $300. He was sentenced to thirty days incarceration, with twenty-four days suspended. His operator's license was suspended for one year, and he was placed on probation for one year. As a term of probation, appellant was ordered to attend a three-day in-treatment alcohol counseling program, for which he would be given credit for three days of jail time.
 I.
Appellant argues that the court erred in overruling his Motion to Suppress, as the trooper lacked a reasonable suspicion of criminal activity to justify stopping the vehicle. Appellant argues that the speeding charge for which the officer stopped the vehicle was deminimis.
The trooper testified at the suppression hearing that he observed appellant cross over the white line on the right side of the road five times in a short distance. In addition, appellant was traveling over the speed limit. This was a sufficient justification of criminal activity to allow the trooper to stop the car for further investigation. Upon stopping the car, he immediately noticed that appellant appeared to be intoxicated. At that point, he could continue the detention in order to administer field sobriety tests.
The first Assignment of Error is overruled.
 II.
Appellant argues that his rights to speedy trial were violated, as the continuances granted by the court did not specify to whom they should be charged.
The trial court continued the case on its own motion three times. The case was continued once due to the necessity of trying an older case. The case was continued twice due to the unavailability of the Judge.
The court's judgments of continuance complied with the requirements of State vs. Mincy (1982), 2 Ohio St.3d 6. The trial court entered the order of continuance before the expiration of the ninety-day time limit for bringing appellant to trial. The orders stated the reason for the continuance, and specifically stated that the continuances were reasonable continuances pursuant to R.C. 2945.72(H). Appellant's argument that the court fails to specify to whom the continuances will be charged is without merit. It is clear from the journal entries that these were sua sponte
continuances, which reasonably continued the time within which appellant must be tried pursuant to R.C. 2945.72(H).
Considering the time the statute was tolled pursuant to appellant's suppression motion, and the reasonable continuances entered sua sponte by the court, appellant was tried within the ninety-day time period.
The second Assignment of Error is overruled.
 III.
In accordance with State vs. Gustafson (1996), 76 Ohio St.3d 425, the court terminated appellant's administrative license suspension as of the date of sentencing for the DUI conviction. However, when the court entered a stay pending appeal, of the suspension on the DUI conviction, the court reimposed the ALS suspension.
Because an administrative license suspension loses its remedial character upon judicial adjudication and sentencing for violation of R.C. 4511.19, the double jeopardy clauses of the United States and Ohio Constitutions preclude continued recognition of an administrative license suspension following judicial imposition of criminal penalties for driving while intoxicated. Id. at paragraph four of the syllabus. The court could not reimpose the ALS suspension merely because the court entered a stay of the sentence for Driving While Intoxicated. Appellant had been convicted and sentenced on the Driving Under the Influence charge, and the administrative license suspension had lost its remedial character. Reimposition of the ALS suspension, therefore, violated the double jeopardy clauses of the United States and Ohio Constitutions. Accordingly, appellant must be given credit against the license suspension on the DUI charge for the time during which his license was suspended by the reimposition of the ALS suspension pending appeal.
The third Assignment of Error is sustained.
 IV.
Appellant argues that the court erred in failing to grant a mistrial when Trooper Lee testified that although appellant could not blow enough air into the BAC machine to register results, the machine was reading 146.
The court sustained an objection to the testimony, and instructed the jury to disregard the response. The isolated incident was not to egregious as to require a mistrial. There was abundant evidence that appellant was intoxicated, and appellant cannot demonstrate undue prejudice from this isolated reference.
The fourth Assignment of Error is overruled.
 V.
Appellant argues that the court erred in excluding evidence by way of medical documents that he was on prescription medication for bronchitis.
Appellant testified that prior to the stop on June 10, 1997, he had a bad cold. He testified that he was taking cold medicine, cough medicine, and had used an inhaler. He also testified that he had put some Vicks salve on his chest.
On cross-examination, the prosecutor asked him he was using any prescription medication that might have impaired his ability to drive on the day in question. Appellant sought to introduce evidence that he was on prescription medication. However, the prescription, which was proffered into the record, reflects that it was not written until June 11, 1997, one day after the stop. Therefore, the evidence was irrelevant pursuant to Evid.R. 401. The trial court did not error in excluding evidence of the prescription.
The fifth Assignment of Error is overruled.
 VI.
Appellant argues that the judgment convicting him of DUI is against the manifest weight of the evidence. This claim is without merit. In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving the conflicts and the evidence, the jury clearly lost its way. Statevs. Thompkins (1997), 78 Ohio St.3d 380, 387. The discretionary power to grant a new trial could be exercised only in the exceptional case when the evidence weighs heavily against conviction. Id.
Trooper Lee testified that appellant veered off the right-hand side of the road five times. Although appellant testified that he veered to the side was because Trooper Lee's bright lights were on, the trooper testified that his brights were not on. The trooper testified that after stopping appellant, he noticed a strong odor of alcohol. He testified that appellant's eyes were glassy and red, his face was flushed, his speech was slurred, and he appeared to be dazed. Appellant staggered as he walked to the patrol car. Appellant failed all field sobriety tests administered by the trooper.
The judgment is not against the manifest weight of the evidence. The sixth Assignment of Error is overruled.
 VII.
Appellant argues that the court failed to journalize a finding of guilty for Failing to Travel Marked Lanes, yet sentenced him to a fine of $80.
The back of the ticket reflects that the court found him guilty of the marked lanes violation.
The seventh Assignment of Error is overruled.
 VIII.
Appellant argues that his sentence for DUI was disproportionately high, as he was a first offender. Appellant has not demonstrated an abuse of discretion.
Appellant has attached a Judgment Entry of Conviction on another case, in an attempt to show that appellant's sentence deviated from the court's normal sentence for a first-time offender. This entry is not a part of the record before this court on appeal. Further, the only difference between appellant's sentence and the sentence in the case attached to his brief is three days of jail time. Appellant has not demonstrated any abuse of discretion.
Appellant also argues that it is unclear whether he is to do three days in jail, plus a treatment program. The sentencing entry is clear. All but six days of the sentence were suspended. Appellant may serve three days of the remaining six days in an alcohol treatment program.
The eighth Assignment of Error is overruled.
The judgment of conviction and sentence is affirmed. The judgment reimposing the ALS suspension during the stay pending appeal is vacated. This case is remanded to the Licking Municipal Court with instructions to credit appellant's suspension for the DUI conviction for the number of days his license was suspended due to the reimposition of the ALS suspension pending appeal.
By: Reader, J., Gwin, P. J. and Hoffman, concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of conviction and sentence is affirmed. The judgment reimposing the ALS suspension during the stay pending appeal is vacated. This case is remanded to the Licking Municipal Court with instructions to credit appellant's suspension for the DUI conviction for the number of days his license was suspended due to the reimposition of the ALS suspension pending appeal. Costs to appellant.