OPINION
Defendant-appellant Clinton M. Morse appeals his conviction and sentence on one count of speeding and one count of under age consumption while operating a motor vehicle entered by the Cambridge Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
Appellant was arrested on the aforementioned charges on November 16, 1997. At his arraignment on November 19, 1997, appellant entered pleas of not guilty to both counts. Thereafter, appellant was released on a recognizance bond. A bench trial was scheduled for December 16, 1997.
On November 21, 1997, appellant's counsel filed a written demand for a jury trial. The trial court's assignment commissioner contacted the secretary for appellant's counsel on November 24, 1997, to coordinate a date for the jury trial. The jury trial was scheduled for January 15, 1998.
On January 7, 1998, appellant filed a motion to dismiss based upon a violation of the speedy trial requirements established in R.C. 2945.71, forty-five days in the case sub judice. The trial court conducted an evidentiary hearing on appellant's motion to dismiss on January 22, 1998, and February 5, 1998. Via Judgment Entry filed February 23, 1998, the trial court denied appellant's motion. The trial court concluded appellant's filing of the jury demand tolled the speedy trial deadline for a reasonable time under R.C. 2945.72(E) and the new jury trial date was set within a reasonable time.
The jury trial was rescheduled for March 5, 1998. On that date, appellant changed his pleas on both charges to no contest. The trial court found appellant guilty of both charges and sentenced him accordingly.
Appellant assigns as error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS, BECAUSE THE APPELLANT WAS NOT BROUGHT TO TRIAL WITHIN FORTY FIVE (45) DAYS AFTER HIS ARREST OR THE SERVICE OF SUMMONS, AS REQUIRED BY R.C. 2945.71(B)(1).
At issue herein is whether appellant's filing of a written request for a jury trial tolled the speedy trial requirement under the facts of the case sub judice. For the reasons that follow, we find it did not.
In State v. Dove (June 20, 1991), Coshocton App. No. 90-CA-16, unreported, this Court, addressing the same issue, held:
 We conclude the timely filing of a jury demand (fundamental constitutional right afforded to the appellant) which provides ample time to schedule a jury trial within the guidelines of R.C. 2945.72 in the absence of any "in rule" entry justifying extension by the trial court, does not automatically extend the applicable speedy trial mandates established by the legislature.
 Id. at 2.
Applying the rational of Dove, supra, to the case sub judice, we find the date the jury demand was filed provided the trial court with ample time in which to schedule a jury trial within the statutory time requirements. Contrary to appellee's argument only fifteen days remained for the scheduling of the jury trial between December 16, 1997 (the date of the scheduled bench trial), and December 31, 1997 (the expiration of the forty-five day speedy trial deadline), we find forty days remained for the scheduling of the jury trial from the date the jury demand was filed (November 21, 1997). The trial court had eight-ninths or eighty-nine percent of the time provided by R.C. 2945.72 remaining in which to schedule the jury trial. We note the trial court did not file any "in rule" entry supporting a sua sponte continuance based upon docket congestion per State v. Mincy (1982), 2 Ohio St.3d 6. Accordingly, we sustain appellant's sole assignment of error.
The judgment of the Cambridge Municipal Court is reversed and the charges ordered dismissed.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court is reversed and the charges ordered dismissed. Costs assessed to appellee.