OPINION
On June 16, 1999, appellant, Robert Barcus, was cited for driving under the influence in violation of R.C. 4511.19, speeding in violation of R.C. 4511.21 and driving under suspension in violation of R.C. 4507.02.
On August 11, 1999, appellant filed a motion to order the state to provide a subsection for the driving under suspension charge (Branch 1), to deny the state's attempt to amend the driving under the influence charge via a bill of particulars (Branch 2), and to order the state to provide a record regarding repairs made to the radar unit (Branch 3).
On October 14, 1999, appellant made an oral motion to dismiss based upon speedy trial violations. The trial court denied said motion. Thereafter, appellant pled no contest to the charges. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to one hundred eighty days in jail, one hundred seventy days suspended, and imposed a $300 fine plus court costs.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION, BRANCH 2, FILED AUGUST 11, 1999.
 II THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING BRANCH 1, APPELLANT'S MOTION FILED AUGUST 11, 1999.
 III THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S SPEEDY TRIAL MOTION.
 IV THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS TO DISMISS AT ARRAIGNMENT AND PRIOR TO PLEAS.
 I Appellant claims the trial court erred in denying Branch 2 of his motion filed August 11, 1999. We disagree.
Appellant was cited for driving under the influence in violation of R.C. 4511.19. On August 10, 1999, the state filed a bill of particulars alleging a violation of R.C. 4511.19(A)(1). In Branch 2 of his motion, appellant argued the state's bill of particulars alleging a violation of subsection (A)(1) was an improper amendment to the charge.
The citation specifically listed a violation of R.C. 4511.19 with an x in the boxes for "OMVI," "[u]nder the influence of alcohol/drug of abuse" and "[r]efused." The citation clearly included the elements of a subsection (A)(1) violation. Upon review, we find no amendment to the charge.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying Branch 1 of his motion filed August 11, 1999. We disagree.
Appellant was cited for driving under suspension in violation of 4507.02. In Branch 1 of his motion, appellant argued the state failed to provide him with the subsection at issue. In the bill of particulars, the state notified appellant the driving under suspension charge arose from an administrative license suspension in effect until November 11, 1999. The state provided appellant copies of his driving record from the Ohio Bureau of Motor Vehicles. Upon review, we find the state clearly informed appellant of the basis of the charge.
Assignment of Error II is denied.
 III
Appellant claims the trial court erred in denying his motion to dismiss based upon speedy trial violations. We disagree.
Prior to giving his plea of no contest, appellant made an oral motion to dismiss claiming the trial court violated the ninety day rule. October 14, 1999 T. at 4-5. In denying the motion, the trial court stated the following:
 * * * That the case was certainly set for trial within the Defendant's statutorily required speedy trial time. That its continued due to another case, older case proceeding to trial and I would find that there's certainly published case law on point that permits the case to be continued on that basis and I'll overrule the motion to dismiss based on the speedy trial argument today.
 Id. at 5.
Appellant was cited on June 16, 1999. On June 28, 1999, a bench trial was set for August 10, 1999. On July 30, 1999, appellant filed a jury demand. A jury trial was set for September 2, 1999. On said date, the trial court continued appellant's jury trial to "the next available jury date," that being October 14, 1999. See, Judgment Entry filed September 2, 1999 and Court Order filed September 3, 1999. The trial court stated the continuance was necessitated by an older case proceeding to jury trial on September 2, 1999. The trial court set forth the older case's name, number and date of filing. We note the judgment entry continuing the case was filed within appellant's ninety days.
Upon review, we find the trial court's journalization of the continuance prior to the expiration of the ninety day rule and the finding that a specific older case proceeded to jury trial on appellant's trial date to be sufficient to warrant the denial of appellant's motion to dismiss. See, State v. Mincy (1982),2 Ohio St.3d 6, syllabus, wherein the Supreme Court of Ohio held "[w]hensua sponte granting a continuance under R.C. 2945.72 (H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial."
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in denying his motions to dismiss made at arraignment and at the plea hearing. We disagree.
We addressed the motion to dismiss made at the plea hearing in the previous assignment. At arraignment, appellant made a motion to dismiss the driving under suspension and driving under the influence charges "for failure to indicate a subsection." June 23, 1999 T. at 2. We addressed the issue of subsections in Assignments of Error I and II.
Upon review, we find the trial court did not err in denying appellant's motions to dismiss.
Assignment of Error IV is denied.
The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
 _______________________ Farmer, J.
Hoffman, P.J. and Wise, J. concur.