OPINION
On June 8, 1999, appellant, David S. Mix, was cited for speeding in violation of R.C. 4511.21(D)(2). On June 23, 1999, appellant appeared in court and pled "not guilty." A trial was scheduled for July 8, 1999. By judgment entry filed July 7, 1999, the trial court reset the matter for bench trial for August 6, 1999. On same date, appellant filed an election to appear before a magistrate. A bench trial before a magistrate commenced as scheduled on August 6, 1999. Prior to testimony being taken, appellant made a motion to dismiss based upon speedy trial violations. The magistrate denied said motion. By decision filed August 9, 1999, the magistrate found appellant guilty and recommended a fine of $100 plus court costs and two points on his driving record. On August 17, 1999, appellant filed objections to the magistrate's decision contesting the denial of his motion to dismiss and the guilty finding. By judgment entry filed January 24, 2000, the trial court overruled appellant's objections and approved and adopted the magistrate's decision. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS BASED ON THE STATE'S FAILURE TO BRING DEFENDANT TO TRIAL WITHIN THE STATUTORY TIME PERIOD SET FORTH IN R.C. 2945.71.
 II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION FOR FINDING THE DEFENDANT GUILTY OF VIOLATING R.C. 4511.21(D)(2).
 I, II
Appellant claims the trial court erred in denying his motion to dismiss. We disagree. Appellant attacks the trial court's sua sponte continuance of the bench trial and the denial of his motion to dismiss for speedy trial violations pursuant to R.C. 2945.71(A). In his brief at 34, appellant argues he was entitled to dismissal for the following reasons:
 1. This case was not brought to a speedy trial pursuant to R.C. 2945.71(A).
 2. The extension of time granted by the July 7, 1999 continuance was not reasonable pursuant to R.C. 2945.72(H), because it nearly doubled the statutory time limits established in R.C. 2945.71(A).
 3. Also, the extension of time granted by the continuance was not reasonable, because it was based on an unsupported declaration of a crowded Court docket.
 4. That the continuance granted by, or taken sua sponte by, the trial Court, be found defective, for its failure to identify the party to whom the extension of time is chargeable. * * *
 5. The 29-day delay in prosecuting this case is chargeable to the State.
 6. The State's failure to bring this case to trial within the statutory limits of R.C. 2945.71(A) violated defendant's statutory right to a speedy trial.
 7. The original trial date was set outside the 30-day requirement after entry of plea by the defendant, and the defendant was not given notice of continuance, per R.C. 2938.03 and 2945.02.
R.C. 2945.71(A) mandates that minor misdemeanors be tried within thirty days from the issuance of the citation. Appellant was cited on June 8, 1999 and the original trial date was set for July 8, 1999, within the thirty day time limit as computed pursuant to R.C. 1.14. On July 7, 1999, the trial court journalized a continuance of the trial date for the following specific reason:
 FINDS that there are now no dates available upon the Court's calendar on which to schedule the matter for trial within the time limits prescribed by law for this charge and, therefore, the time within which to bring the defendant to trial shall be extended, pursuant to Ohio Revised Code Section 2945.72, due to the Court's crowded docket.
The trial was reset for August 6, 1999, some twenty-nine days after the original trial date. Under the long established authority of State v. Mincy (1982), 2 Ohio St.3d 6, syllabus, we find the continuance sub judice was not in violation of R.C.2945.71(A): When sua sponte granting a continuance under R.C.2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial. Further, we note the trial court denied a request for a continuance by the state. See, Judgment Entry filed July 21, 1999. The trial court's procedure in sua sponte continuing the trial was correct because the trial was originally set within the statutory time limit, the continuance was journalized before the expiration of the thirty day time limit, and the trial court protected appellant's right to a speedy trial by denying the state's request for a continuance. Upon review, we find the trial court did not err in denying appellant's motion to dismiss. Assignments of Error I and II are denied.
The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.
GWIN, P.J. and WISE, J. CONCUR.