OPINION
Plaintiff-appellant the State of Ohio appeals from a judgment of the trial court discharging defendant-appellee Kelian Craig pursuant to Ohio's speedy trial statute, R.C. 2945.71, et seq. The State contends that the trial court erred by granting the motion, because the State's motion for a continuance of the trial date was sought, and was justified, before the time had expired within which to bring Craig to trial under the statute. We conclude that the trial court correctly discharged Craig. The initial trial date was set for a day, either July 31 or August 1, 2000, that was already beyond the time within which Craig was required to be brought to trial pursuant to the statute. The State's motion for a continuance sought merely to continue that trial date from August 1 to August 3, 2000, and only purported to justify that continuance of the trial date. It did not seek, or purport to justify, an extension of the time within which Craig might be tried, pursuant to the statute, from July 28, 2000, until July 31 or August 1, 2000. Accordingly, we conclude that the trial court properly granted Craig's motion for discharge, and the judgment is Affirmed.
 I
Craig was arrested on April 29, 2000, and charged by indictment with Complicity to Commit Aggravated Robbery, Complicity to Commit Aggravated Burglary, and Complicity to Commit Kidnaping, all with firearm specifications. The parties agree that, pursuant to the speedy trial statute, R.C. 2945.71, et seq., the time within which the State was required to bring Craig to trial expired on July 28, 2000. Regrettably, the initial trial date was set for July 31, 2000, three days beyond the statutory time, apparently because the State was under the mistaken impression that August 5th was the speedy trial deadline. The parties acknowledge that, pursuant to an informal agreement in chambers, it was subsequently determined that the trial would actually commence on August 1, 2000.
On July 27, 2000, the prosecutor assigned to the case learned that her father had died. She left the office immediately to assist her mother in making funeral arrangements. The next day, July 28, 2000, which was coincidentally the last day within which the State was permitted to bring Craig to trial, pursuant to the statute, another assistant prosecutor met with the trial judge, and informed him that the prosecutor assigned to the case would not be available on August 1, 2000. Over the defendant's objection, the trial court decided to continue the trial date to Thursday, August 3, 2000. It was understood that another prosecutor would select the jury on that date, and that the trial would begin on the following Monday, August 7, 2000, either with the original prosecutor, or with the substituted prosecutor, who would, by that time, be prepared to try the case. The State still mistakenly believed that the speedy trial deadline was August 5, 2000.
On July 31, 2000, Craig filed a motion for discharge, pursuant to the speedy trial statute. The trial court held a hearing on the motion on September 20, 2000. Following the hearing, the trial court found Craig's motion to be well-taken, and discharged him.
From the judgment of the trial court discharging Craig, the State appeals.
 II
The State's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT FOR FAILURE TO ACCORD APPELLEE HIS RIGHT TO A SPEEDY TRIAL UNDER R.C. 2945.71.
The State argues that because Craig's right to a discharge had not yet vested on July 28, 2000, when the State moved for, and obtained, a continuance of the trial date from August 1, 2000 to August 3, 2000, that continuance prevented his right to discharge from vesting. We disagree.
It is always unfortunate when a speedy trial lapse of only a few days prevents the prosecution of very serious criminal charges. Nevertheless, the General Assembly has determined that there must be a rule requiring criminal defendants to be brought to trial within specified periods of time, and that the rule must have teeth. Without a strict consequence for failure to comply with the rule, it is not possible to obtain good compliance with the rule.
In State v. Mincy (1982), 2 Ohio St.3d 6, a case cited by the State, the Supreme Court held that whenever an extension of the time prescribed by the speedy trial statute is granted pursuant to R.C. 2945.72 (H), "the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." Id., syllabus. In the case before us, the motion for the continuance of the trial date, and the entry granting that continuance, are contained on one sheet of paper, which is appended to this opinion. In the motion, the State requested a continuance for the reason that:
 Assigned Prosecutor had death in the family which requires Prosecutor to be out of town at time of scheduled trial.
The entry granting the continuance reads, in its entirety, as follows:
 This matter came before the Court on the Motion of: Prosecuting Attorney __X__ Defendant's Attorney _________ (check one) for a continuance, an [sic] upon due consideration of good cause, the Court hereby does grant said continuance.
It is the further order of the Court that this matter be re-set from Trial 8/1/00 to Trial 8/3/00 8:30 a.m.
The motion and entry of continuance were filed on July 28, 2000, coincidentally the last day within which Craig could be brought to trial pursuant to the speedy trial statute. We agree with Craig and the trial court that the motion can only properly be construed as a request to continue the August 1st trial date because of the death in the assigned prosecutor's family, and the entry can only properly be construed as an entry continuing the trial from August 1, 2000 until August 3, 2000. If there were valid reasons for extending the time within which Craig could be brought to trial pursuant to the speedy trial statute from July 28, 2000 until either August 1, 2000, or August 3, 2000, these reasons do not appear in the motion and entry. Therefore, the motion and entry fail to satisfy the requirement of State v. Mincy, supra, that the order of continuance of the time within which the accused must be brought to trial under the speedy trial statute, and the reasons therefor, must be entered prior to the expiration of the speedy trial time limit. In other words, the motion and entry reflect an order continuing the trial date from August 1, 2000 to August 3, 2000, and the reasons for that continuance, but they reflect neither a continuance of the time within which Craig could be brought to trial from July 28, 2000 to either August 1, 2000 or August 3, 2000, nor reasons for that continuance. Consequently, under the rules set forth in State v. Mincy, supra, the trial court properly granted Craig's motion for discharge.
The State's sole assignment of error is overruled.
 III
The State's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.