OPINION
J. Dean Fry was found guilty of DUI upon his plea of no contest. The trial court imposed a fine, jail sentence, and license suspension. On appeal, Fry advances two assignments of error.
 "1. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO DISMISS THE CHARGES AGAINST APPELLANT BASED UPON SPEEDY TRIAL GROUNDS.
 "2. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO SUPPRESS EVIDENCE REGARDING FIELD SOBRIETY TESTS WHEN THE STATE DID NOT INTRODUCE EVIDENCE REGARDING THE STANDARDS UNDER WHICH THE TESTS WERE ADMINISTERED OR THE STANDARDS THEMSELVES."
Because we are sustaining the first assignment, the second assignment is overruled as moot.
On April 26, 2001, Fry was cited for DUI and two other offenses which are not implicated in this appeal. Fry appeared May 1 for arraignment and requested a two week continuance within which to obtain counsel which the trial court allowed. On September 16, trial was scheduled for November 16. On June 1, Fry had filed a motion to suppress which the trial court overruled from the bench September 18 after an evidentiary hearing. On November 16, Fry moved to dismiss on speedy trial grounds. Conceding that the period of time his motion to suppress was pending tolled the R.C. 2945.71 time for speedy trial, Fry contended that the November 16 trial date was still outside the ninety day time limit for first degree misdemeanors such as DUI. The trial court overruled the motion, relying on the two week continuance it granted Fry on May 1 to obtain counsel.
If this two week continuance served to toll speedy trial time, then the November 16 trial date was within the ninety day limit. The issue, then, is whether this two week continuance tolled the speedy trial time. We are constrained to conclude that it did not.
Almost twenty years ago, the Supreme Court of Ohio held that the defendant, "prior to the expiration of the statutory time limit, was entitled to one of the following: (1) a trial on the charges or, (2) if his case was being continued by the court or prosecutor, the reason he was not being tried. Since a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit." State v. Mincy (1982),2 Ohio St.3d 6, 8. In State v. Paul (Nov. 19, 1999), Champaign App. No. 99 CA 06, we held that Mincy applied to continuances requested by the defendant. In State v. Weiss (June 15, 2001), Darke App. No. 2001 CA 1537, after quoting the above language from Mincy, we stated:
 "This Court recently held in State v. Paul, that where a trial court continues a trial at the request of a defense attorney but fails to recite the reason for the continuance, or fails to state that it was at the defendant's request, in an entry within the statutory time limit, the trial court violates the defendant's constitutional right to a speedy trial and must discharge the defendant."
In an effort to demonstrate compliance with this case law, the state points to Court Document #26, a pre-printed form titled "Journal Entry Darke County Court." This is an all purpose, fill-in-the-blanks form for use from arraignment through disposition. Near the top, behind the printed words "amended charge," appears in handwriting "Cont 2 wks per [delta symbol meaning defendant] (GRH)." GRH are the initials of the arraigning judge. The document bears a file stamp date of November 21, 2001. The balance of the form was completed by another judge who accepted Fry's no contest plea and disposed of the case on November 21.
We do not agree with Fry, if this is his argument, that the pre-printed form cannot serve as a journal entry. We do agree with Fry, however, that the notation on the form by GRH was not sufficient to toll the speedy trial time by fourteen days given the case law quoted above.
We have no way of knowing when GRH made the notation on document #26 but, assuming it was done on or about May 1, there was no journalization as of that time. Document #26 was filed on November 21. This was after the expiration of the ninety day deadline for trial, as extended by the period of time during which the suppression motion was pending.
The judgment will be reversed, and Fry will be discharged.
BROGAN, J. and YOUNG, J., concur.