OPINION.
{¶ 1} The issue in this appeal is whether Ronald Stewart was denied his right to a speedy trial on two first degree misdemeanor charges — assault and domestic violence. The trial court overruled Stewart's motion to dismiss on speedy trial grounds, after which the State withdrew the assault charge and Stewart pleaded no contest to the domestic violence charge. The trial court found Stewart guilty of domestic violence and imposed a fine and costs, imposed and suspended a ninety-day jail sentence, and placed Stewart on probation with certain conditions.
 {¶ 2} Stewart asserts one assignment of error containing two contentions. In disposing of this assignment, we have confined ourselves to the record which is properly before us. We have disregarded, except as acknowledged below, information and explanations provided by both parties that lack record support.
 {¶ 3} "The trial court erred as a matter of law in overruling the defendant's motion to dismiss.
 {¶ 4} "A. The calculation should not begin on the date of arraignment.
 {¶ 5} "B. The defendant's motion for continuance did not toll the speedy trial requirements of 2945.71(B)(2)."
 {¶ 6} The clerk issued a summons on July 18, 2002, by certified mail, directing Stewart to appear in court July 29, 2002. The record does not reflect when service of summons was made on Stewart. When Stewart moved to dismiss on speedy trial grounds, the court used July 29 — the date of arraignment — as the starting date for speedy trial purposes.
 {¶ 7} Stewart claims — and the State concedes — that this was error. The State claims the proper date — absent any record evidence of when service was made — should be July 19, because mail delivery usually takes one day. Stewart claims the starting date should be July 23, the date he states in his appellate brief that he received the summons.
 {¶ 8} It is clear from R.C. 2945.71(A)(B) that the starting date for speedy trial purposes is the date of (1) arrest or (2) service of summons.
 {¶ 9} The trial court therefore erred in using the arraignment date. We reject the State's argument that July 19 is the appropriate starting date absent any evidence that the summons was served on that date. We will accept Stewart's judicial admission that he was served July 23 and use that date as the starting date. (July 23 is actually less helpful to Stewart than July 19 would be).
 {¶ 10} A brief recounting of the procedural history will aid our discussion of Stewart's second contention.
 {¶ 11} Stewart was served on July 23 and arraigned on July 29. On July 29, the trial court ordered a pretrial conference to occur August 20. On July 29, counsel for Stewart moved for a continuance of the pretrial as follows:
 {¶ 12} "Now comes the Defendant, by and through counsel, and does hereby request that the pre-trial conference scheduled for August 20, 2002 at 1:30 be continued and rescheduled. Regrettably, Defendant's counsel has a mediation before the United States Equal Employment Opportunities Commission out of town on that date. The mediation date has been set for some time and some parties required to be in attendance will be flying in from Chicago, Illinois. This request for a continuance is not an attempt to harass or delay."
 {¶ 13} On September 17, the trial court entered the following order:
 {¶ 14} "It is hereby ordered that this cause be set for pre-trial on September 26, 2002. . . ."
 {¶ 15} On September 27, the trial court scheduled the matter for jury trial October 24. On October 22, Stewart moved for dismissal on speedy trial grounds.
 {¶ 16} Using July 23 as the starting date for speedy trial purposes, the trial date of October 24 was 93 days later, and October 22, when Stewart moved to dismiss, was 91 days later — beyond the 90 day limit within which first degree misdemeanors must be tried. R.C.2945.71(B)(2).
 {¶ 17} Thus, critical to our speedy trial analysis is whether the period between August 20 (the original pretrial date) and September 26 (the rescheduled pretrial date) was chargeable to Stewart so as to stop the running fo the speedy trial clock during that period. See R.C.2945.72(H).
 {¶ 18} Stewart first claims that the trial court never sustained his motion to continue the August 20 pretrial. Confining ourselves, as we must, to the record, we must reject this claim. The pretrial was originally scheduled for August 20 and Stewart moved for a continuance from that date and the trial court, by journalized entry, rescheduled the pretrial to September 26. From this record, we can only infer that the August 20 pretrial did not occur and that it was continued to September 26 upon Stewart's motion. The fact that the entry rescheduling the pretrial was not entered until September 17 does not undermine this inference.
 {¶ 19} Stewart next contends that there was not a timely journalization of the continuance by an entry containing information sufficient to stop the speedy trial clock.
 {¶ 20} He relies on a number of cases from this district. Notably, he quotes both the majority opinion and concurring opinion inState v. Paul (Nov. 9, 1999), Champaign App. No. 99-CA-06. To the extent that the concurring opinion would impose more stringent standards for entries of continuance than the majority opinion, we must look to the majority opinion. The majority opinion states:
 {¶ 21} "A defendant is entitled, prior to the expiration of the statutory time limit, to one of the following: (1) a trial on the charges or, (2), if the case is being continued by the court or the prosecutor, the reason the defendant is not being tried. `Since a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit.'State v. Mincy (1982), 2 Ohio St.3d 6, at 8, 441 N.E.2d 571. Although the holding in Mincy, supra, does not literally address the situation where the continuance is at the defendant's own request, the clear implication of the holding is that when a continuance is at the defendant's request, the trial court must make record, before the expiration of the statutory time limit, of the fact that the continuance is pursuant to the defendant's request. Of course, if the defendant's motion for acontinuance is of record, that would suffice." (Emphasis ours).
 {¶ 22} This statement is consistent with the other holdings of this court, all of which have attempted to apply the rule announced inMincy.
 {¶ 23} There can be no doubt that the entry rescheduling the pretrial was filed within the ninety-day period within which Stewart was entitled to be brought to trial. The fact that the rescheduling order was entered after August 20 does not violate the rule of Mincy.
 {¶ 24} The question then becomes whether the rescheduling entry satisfies Mincy and our cases as to content. Taken in isolation, it does not. Viewed, however, in the context of Stewart's motion for continuance of the August 20 pretrial, we see no violation ofMincy or of our holdings.
 {¶ 25} The motion for continuance of the pretrial was clear that it was Stewart's motion, made because his counsel had a prior professional commitment. On this record, we can only conclude that the rescheduling entry was prompted by the motion for continuance of the August 20 pretrial that Stewart's counsel was unable to attend.
 {¶ 26} Thus, we conclude that a sufficient record of the basis for the continuance was made before the expiration of the ninety-day speedy trial period.
 {¶ 27} Because a defense continuance stops the speedy trial clock during the period of continuance — R.C. 2941.72(H) — the trial date of October 24 was well within the ninety-day limit and the motion to dismiss was properly overruled.
 {¶ 28} The assignment of error is overruled.
 {¶ 29} The judgment will be affirmed.
FAIN, P.J. and BROGAN, J., concur.