{¶ 32} The majority professes that it is bound to reverse Campbell's conviction based on a strict application of Ohio's speedy trial statutes. A strict form over substance approach to the application of speedy trial laws does not act to preserve the integrity of legal process. Ohio's speedy trial statutes, as written, do not mandate such result. Accordingly, I respectfully dissent.
 {¶ 33} Bryan K. Campbell was arrested and charged with two counts of assault on a peace officer. After being released on bond, Campbell failed to appear in court and had to be re-arrested. Campbell's trial was set for October 2, 2002. On July 25, 2002, Campbell entered a plea of not guilty by reason of insanity. As of September 19, 2002, less than two weeks before trial was scheduled to commence, the trial court had not received Campbell's psychological evaluation. At this time, Campbell was advised that the trial would not be able to proceed on October 2, 2002, given that there was insufficient time to prepare.
 {¶ 34} On September 30, 2002, two days prior to the start of trial, Campbell stipulated to his competency to stand trial. The next day, the trial court entered the following judgment entry:
 {¶ 35} "The Court * * * finds that this case is currently scheduled for Trial to Jury on October 2nd, 2002, and it is, therefore [i.e., for that reason], ordered that this case shall be rescheduled for Trial to Jury by the Assignment Commissioner, who shall forward notice of the new trial date to all counsel." (Emphasis added).
 {¶ 36} When an accused files a motion raising issue with his competency to stand trial and that motion causes the trial court to vacate a trial date scheduled within the speedy trial limits under R.C.2945.71, the time within which the accused must be brought to trial is extended for the period during which his mental competency is being determined plus the time reasonably necessary for the trial court to reschedule the case for trial. R.C. 2945.72(B) and (E) (the time for bringing an accused to trial may be extended for "[a]ny period * * * during which [the accused's] mental competence to stand trial is being determined" and "[a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused").
 {¶ 37} In this case, the speedy trial period was tolled from the date Campbell filed his competency motion, on July 25, 2002, until the trial date of November 13, 2002, rescheduled as a result of Campbell's filing the motion to determine competency. Campbell's filing of his motion to dismiss further extended the speedy trial period until that motion was denied on January 15, 2003. R.C. 2945.72(E); State v. Blumensaadt,
2000-L-107, 2001-Ohio-4317, 2001 Ohio App. LEXIS 4283, at *18-*19.
 {¶ 38} The majority concludes that the trial court "failed to set forth the reasons for the continuance." However, the justification for the continuance is manifest from the judgment entry: trial cannot be held on October 2, 2002, because Campbell's competency was not determined until September 30, 2002. The trial court did not expressly state "two days is not enough time to prepare for trial." It was not necessary for the court to do so. Campbell, the attorneys, and anyone familiar with the basic facts of this case were on notice that only two days remained and that the delay was caused by the necessity of determining Campbell's competency. The majority denies the trial court the indulgence of relying on the parties' ability to draw such obvious conclusions.
 {¶ 39} The majority asserts that the law must be applied with such exacting strictness "to preserve the integrity of legal process." I disagree. Such hyper-technical application of the law actually fosters contempt for legal process by elevating the form of legal observance over its substance. It is not alleged that Campbell was in any doubt regarding the reason for the continuance or that he objected to it in any way. Moreover, the "requirement" on which the majority's decision rests is not found in the United States Constitution, the Ohio Constitution, or the Ohio Revised Code.
 {¶ 40} The Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution guarantees defendants the right to a speedy trial. Campbell's rights under these provisions have not been violated. Under the jurisprudence proper to the Sixth
Amendment, this court must consider the length of the delay in bringing Campbell to trial, the reason for the delay, and how Campbell might have been prejudiced by the delay before determining whether a speedy trial violation had occurred. Barker v. Wingo (1972), 407 U.S. 514; Doggett v.United States (1992), 505 U.S. 647. Whether the court stated its reason for the continuance in a judgment entry is not a constitutional or statutory mandate with respect to the Sixth Amendment or Ohio law.
 {¶ 41} Ohio's speedy trial statutes provide an alternative entitlement to a speedy trial, related to but independent from the constitutional guarantees. Ohio Revised Code 2945.72(H) provides that the time for bringing the accused to trial may be extended for "the period of any reasonable continuance granted other than upon the accused's own motion." Notably, there is no requirement in the statute that the court's reason for a sua sponte continuance must be stated in a judgment entry in order to toll the running of the statute.
 {¶ 42} The requirement that a court must state its reasons for the continuance in its judgment entry is a judge-made rule. As stated inState v. Mincy (1982), 2 Ohio St.3d 6: "When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." Id. at syllabus. This Ohio Supreme Court, however, did not establish a specific content requirement for such an entry. The clear purpose of this requirement is notice to the defendant. In this case, Campbell was provided such notice as discussed above. Applying this judicially created procedural rule within the factual context of each case does not offend the important societal interests protected by the right to a speedy trial.
 {¶ 43} Courts should not be allowed to arbitrarily continue the time to bring an accused to trial. The accused should also be aware of the reason for a continuance in advance to afford him an opportunity to object to its reasonableness. In the present case, the continuance wasnot arbitrary, Campbell was aware of the reason and the necessity for the continuance, and Campbell had the opportunity to object and insist upon the October 2, 2002 trial date had he desired to do so. Campbell made no such objection or request.
 {¶ 44} The concept of a speedy trial is not an "insignificant technicality." Differentiating between a constitutional delay versus an unconstitutional delay in proceeding to trial simply on the basis of the clarity of the trial court's entry continuing a trial date is an exercise in form over substance and an insignificant technicality. It is doubtful that the writers of the Constitution envisioned allowing a criminal to avoid prosecution simply because an entry implied the obvious.
 {¶ 45} Affirming the lower court's decision does not contravene the rule announced in Mincy or the purpose it serves. Its overly strict application in the present case, however, vindicates the concerns expressed in Justice Holmes' dissenting opinion in Mincy: "The unreasonably strict interpretation of this section of law * * * unfortunately allows a convicted criminal to again roam the streets and offer a potential threat to society. Such a determination renders the speedy trial law a sword against, rather than a shield for, the best societal interest." Id. at 10 (Holmes, J., dissenting).
 {¶ 46} As demonstrated above, the trial court substantially met theMincy requirement that the reason for continuance be cognizable from a judgment entry prior to the expiration of the statutory period. The "highly regrettable" result in this case is the erroneous reversal of the conviction of a guilty man simply because the entry continuing the trial date does not restate the obvious. For these reasons, I disagree and respectfully dissent. The judgment of the court below should be affirmed.