[Cite as *State v. James*, 2011-Ohio-5792.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO | : | JUDGES: | |
|  | : | W. Scott Gwin, P.J. | |
|  | : | Sheila G. Farmer, J. | |
| Plaintiff-Appellee | : | Julie A. Edwards, J. | |
|  | : | | |
| v. | : | Case No. 10CA27 | |
|  | : | | |
|  | : | | |
| ROBERT E. JAMES | : | O P I N I O N | |
| Defendant-Appellant | | | |

CHARACTER OF PROCEEDING:        Criminal Appeal from Cambridge
Municipal Court Case Nos.
09CRB03160 A, B, and C

JUDGMENT:        Reversed; Final Judgment Entered

DATE OF JUDGMENT ENTRY:        November 7, 2011

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

WILLIAM H. FERGUSON        WILLIAM T. WHITAKER
Cambridge Law Director        54 East Mill Street, Suite 301
150 Highland Ave., Suite 2        Akron, Ohio 44308
Cambridge, Ohio 43725

james

*Edwards, J.*

{¶ 1} Appellant, Robert E. James, appeals a judgment of the Cambridge Municipal Court convicting him of resisting arrest (R.C. 2921.33) and disorderly conduct (R.C. 2917.11(A)(2)) upon pleas of no contest and sentencing him to three days incarceration and 51 days of house arrest. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶ 2} At 1:20 a.m. on September 30, 2009, the Southeastern Ohio Regional Medical Center called the police to check on a patient causing problems at the hospital. Ptl. David Long and Lt. Kevin Love responded to the call. Upon arriving at the hospital, Ptl. Long approached appellant. A nurse indicated to Lt. Love that appellant had been in an automobile accident and voluntarily appeared at the hospital for treatment. She told Lt. Love that appellant had been causing problems and had gone outside naked before officers arrived.

{¶ 3} Appellant attempted to leave, shoving Patrolman Long. The officers decided to detain appellant. Appellant proceeded out the door with the officers in pursuit. Lt. Love grabbed appellant's arm and asked him to hold on until the officers figured out what was going on. Lieutenant Love told appellant they were going to place him in the patrol car and detain him until they could ascertain what happened at the hospital. Appellant tried to pull away, yelled, cursed and asked what he was being arrested for. Appellant was advised that he was not under arrest, he was merely being detained. Appellant yelled "you motherfuckers" at the officers. At this point appellant was arrested for disorderly conduct.

{¶ 4} Appellant struggled with the officers on the hood of the vehicle. He continued to threaten the officers and was ultimately tasered. Appellant was charged with one count of resisting arrest and two counts of disorderly conduct.

{¶ 5} On October 6, 2009, appellant entered pleas of not guilty to all charges. The court scheduled trial to the bench for December 7, 2009.

{¶ 6} On November 13, 2009, appellant filed a motion for discovery. The State filed a response to the motion, providing the requested discovery on November 18, 2009.

{¶ 7} Appellant filed a jury demand on November 24, 2009. On November 25, 2009, the court filed an entry recognizing appellant's jury demand and stating:

{¶ 8} "It is the Court's local procedure to require the counsel for Defendant to schedule a pretrial conference directly with the Law Director's office prior to setting the date for jury trial.

{¶ 9} "Counsel for the Defendant is ordered to notify the Court in writing when the pre-trial has been conducted, so that the jury trial date may be set, or in the event of a negotiated resolution, a date for hearing on other terms.

{¶ 10} "So that the case may be brought to trial within the speedy trial limits, the parties are ordered to complete their reciprocal discovery as soon as time permits, and to timely schedule the pre-trial conference between respective counsel."

{¶ 11} On December 3, 2009, a pretrial memo was filed with the court reflecting that a plea offer had been made by the State which would expire December 4, 2009 at 4:00 p.m.

{¶ 12} On December 7, 2009, the court filed an entry which provided:

{¶ 13} "Case called for a trial to the Court this day.

{¶ 14} "A jury demand had been filed by the Defendant and subsequently on December 3, 2009, a pretrial had been conducted.

{¶ 15} "No one appeared for the trial scheduled for this day.  Counsel for the Defendant did not notify the Court that the pretrial had generated no negotiated resolution.

{¶ 16} "The Court notes that the pretrial had been conducted at (sic) late as December 3, 2009.

{¶ 17} "Counsel for the Defendant should have notified the Court to schedule the case to be a trial to a jury.

{¶ 18} "The case is ordered scheduled for trial to a jury on the 14th day of January, 2010 at 9:00 a.m. which is the next available date for a trial to a jury."

{¶ 19} On January 11, 2010, appellant filed a motion to continue, a motion to dismiss for violation of speedy trial requirements, a motion for leave to file a motion to suppress evidence, and a motion to suppress.  The court continued jury trial until March 25, 2010.

{¶ 20} A hearing on appellant's motions was conducted on March 2, 2010.  An agreed entry was filed on March 18, 2010, continuing jury trial to April 8, 2010. Appellant filed a motion to continue on April 7, 2010, based on the illness of counsel. Trial was then continued until May 20, 2010.

{¶ 21} The court overruled appellant's motions on April 6, 2010.  The court found that the speedy trial time was tolled by appellant's failure to appear on December 7, 2009 and the subsequent motions to continue.

{¶ 22} Appellant then entered a plea of no contest to resisting arrest and one count of disorderly conduct. The State dismissed the remaining count of disorderly conduct.

{¶ 23} Appellant assigns two errors on appeal:

{¶ 24} "I. MR. JAMES WAS NOT TRIED WITHIN THE TIME LIMITS OF O.R.C. §2945.71 AND, THEREFORE, HIS MOTION TO DISMISS BASED ON THIS GROUND SHOULD HAVE BEEN GRANTED.

{¶ 25} "II. MR. JAMES' DETENTION AND ARREST WERE MADE WITHOUT PROBABLE CAUSE."

I

{¶ 26} Appellant argues that because he was arrested on September 30, 2009, the court was required to try him by December 29, 2009. Appellant argues that because the trial was scheduled for January 14, 2010, and the clock had not been tolled before that time, he should have been discharged on December 29, 2009.

{¶ 27} The parties agree that pursuant to R.C. 2945.71(B)(2), the State had 90 days within which to bring appellant to trial. Pursuant to R.C. 2945.72, the time within which a defendant must be brought to trial may be extended under certain circumstances:

{¶ 28} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following . . .

{¶ 29} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused . . .

{¶ 30} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion . . . "

{¶ 31} The speedy trial time was tolled from November 13, 2009, by appellant's motion for discovery, and began to run again on November 18, 2009, when the state filed a response. Therefore, the time within which appellant should have been tried was extended to January 3, 2010.

{¶ 32} In its entry overruling appellant's motion to dismiss, the court finds the time was tolled by appellant's failure to appear for trial on December 7, 2009. However, it is clear from the record that the court was aware that a jury demand had been filed and that bench trial would not proceed on December 7, 2009.

{¶ 33} A jury demand which provides ample time to schedule a jury trial within the guidelines of R.C. 2945.71, in the absence of an "in rule" entry justifying extension by the trial court, does not automatically extend the applicable speedy trial rights established by the legislature. *State v. Nichols*, Richland App. No. 04CA56, 2005-Ohio-1771, ¶14, citing *State v. Dove* (June 20, 1991), Coshocton App. No. 90-CA-16; *State v. Morse* (October 30, 1998), Guernsey App. No. 98-CA-08.

{¶ 34} The State argues that the jury demand was not filed in ample time to schedule a jury trial by December 29, 2009, due to the intervening holidays of Thanksgiving and Christmas. While the State may be correct that it was not possible to schedule a jury trial within the time constraints of R.C. 2945.71, the trial court did not timely file an entry justifying extension based on the time limitations imposed on the court due to closure for the holidays.

{¶ 35} In effect, the court's entry of December 7, 2009, constitutes a sua sponte continuance of trial from December 7, 2009, to January 14, 2010, based on appellant's jury demand. When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons explaining why the trial date was extended beyond the statutory time period prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial. *State v. Mincy* (1982), 2 Ohio St.3d 6, 8-9, 441 N.E.2d 571. The court failed to timely file an entry explaining why appellant's case was set for jury trial outside the expiration of the time limits provided by R.C. 2945.71. Appellant was not brought to trial within 90 days as required by R.C. 2945.71.

{¶ 36} The first assignment of error is sustained.

II

{¶ 37} The second assignment of error is rendered moot by our disposition of assignment of error one.

{¶ 38} The judgment of the Cambridge Municipal Court is reversed, and this Court enters judgment for appellant.

By: Edwards, J.

Gwin, P.J. and Farmer, J. concur

_____

_____

_____

JUDGES

[Cite as *State v. James*, 2011-Ohio-5792.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| ROBERT E. JAMES | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CA27 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Cambridge Municipal Court is reversed and judgment is entered for appellant. Costs assessed to appellee.

_____

_____

_____

JUDGES