The STATE of Ohio, Appellee,

v.

WEBB, Appellant.

[Cite as *State v. Webb* (1998), 126 Ohio App.3d 808.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 97–CA–107.

Decided March 25, 1998.

*Mark D. Gardner,* for appellee.

*Mark Gardner* and *Larry Arnold,* for appellant.

READER, Judge.

Appellant Homer D. Webb appeals the judgment of the Licking County Municipal Court convicting him of driving under suspension (R.C. 4507.02) and assigns the following assignments of error:

"I. The trial court violated the defendant-appellant's Fifth and Fourteenth Amendment right under the U.S. Constitution and similar provisions under the Ohio Constitution, when it refused to instruct the jury on the correct law regarding the offense of driving under a license suspension, as requested in defendant-appellant's properly filed jury instruction.

"II. The trial court violated the defendant-appellant's Fifth and Fourteenth Amendment right under the U.S. Constitution, and similar provisions under the Ohio Constitution, when it incorrectly instructed the jury on the 'notice' element of the offense of driving while under a 12–point suspension.

"III. The trial court violated the defendant-appellant's Fifth, Sixth and Fourteenth Amendment right under the U.S. Constitution, and similar provision[s] under the Ohio Constitution, when it barred the introduction at trial [of] relevant and highly exculpatory evidence favorable to the defendant-appellant.

"IV. The trial court violated the defendant-appellant's Fifth and Fourteenth Amendment right under the U.S. Constitution, and similar provisions under the

Ohio Constitution, when it denied the defendant-appellant's motion for acquittal made pursuant to Crim.R. 29(A).

"V. The trial court violated the defendant-appellant's Fifth and Fourteenth Amendment right under the U.S. Constitution, and similar provision under the Ohio Constitution, when it failed to grant defendant-appellant's timely motion to dismiss all charges due to a violation of his statutory speedy trial rights."

On January 25, 1997, an officer from the Johnstown Police Department noticed a vehicle wandering in its lane, with a registration light not working. The officer checked the license tag and discovered that appellant's driver's license was under a twelve-point suspension. Appellant was charged with driving under the influence, R.C. 4511.19(A)(1) and (3), and driving under suspension, R.C. 4507.02.

Appellant's motion to suppress the BAC results was granted, and the DUI charge was dismissed. The case proceeded to trial on the charge of driving under suspension.

At trial, the court prohibited appellant from presenting any evidence that he did not receive notice of the twelve-point suspension. The court instructed the jury that if the state followed the procedure prescribed by law for mailing notice of a suspension, appellant was conclusively deemed to have notice. The jury found appellant guilty. He was convicted and sentenced to one hundred eighty days' incarceration, with one hundred fifty days suspended. He was placed on probation for two years. He was fined $500.

## I and II

We address the first two assignments of error together, as both address the propriety of jury instructions regarding presumption of notice of the suspension.

 Although actual knowledge of suspension is not an element of driving under suspension pursuant to the statutory definition, a person should not be convicted of that offense when he has no way of knowing that his operator's license is suspended. *State v. Gilbo* (1994), 96 Ohio App.3d 332, 338, 645 N.E.2d 69, 72–73. It would be fundamentally unfair to convict a defendant for driving under suspension when he has not been given notice that his license has been suspended; therefore, a notice element is inferred in the offense of driving under of suspension. *Id.* Accord *State v. Iceman* (Aug. 31, 1990), Ashland App. No. CA–960, unreported, 1990 WL 127943.

In the instant case, the judge instructed the jury that mailing of notice in accordance with the statute and the Ohio Administrative Code created a conclusive presumption of notice:

"You will determine from all the facts and circumstances in evidence whether or not the Defendant had notice of the suspension. If you find that the State followed the procedure prescribed by law to give the Defendant notice of his suspension, the Defendant is conclusively deemed to have notice of his suspension; actual receipt is not required. The law provides that the State must send a written notice to the Defendant's last known address by regular mail. His last known address shall be taken from his last application for registration."

The court refused to give appellant's requested instruction, which stated that sending of notice in accordance with the statute created a rebuttable presumption of notice.

A conclusive presumption is an irrebuttable direction to the jury to find an element of the crime upon proof of a certain action. *E.g., Sandstrom v. Montana* (1979), 442 U.S. 510, 517, 99 S.Ct. 2450, 2455–2456, 61 L.Ed.2d 39, 46–47. A conclusive presumption unconstitutionally shifts the burden proof to the defendant to disprove an element of the crime charged. *Id.* In the instant case, the court's instruction went even further than shifting the burden of proof to appellant: the court's instruction prohibited appellant from attempting to disprove an element of the offense.

We do not believe that the state is required to prove actual notice. Such a burden would be virtually impossible to meet. We conclude that where the state proves that the established procedure for giving notice was followed, a rebuttable presumption is created that the defendant received notice. However, the defendant can then rebut this presumption with evidence that he did not receive notice. The trier of fact will then determine whether the presumption was effectively rebutted, based on the credibility of the witnesses.

The court erred in instructing the jury on the conclusive presumption and erred in refusing to give the requested instruction that the presumption may be rebutted by proof that appellant did not receive notice of the suspension.

The first and second assignments of error are sustained.

### III

Appellant argues that the court erred in excluding all evidence that he did not receive actual notice. Based on our ruling in Assignments of Error I and II that the presumption created by proof of mailing in accordance with Ohio Adm. Code 4501:1–10–01 and -02 is rebuttable, the court erred in failing to allow appellant to present evidence to rebut the presumption.

The third assignment of error is sustained.

## IV

■ Appellant argues that the court erred in denying his motion for directed verdict of acquittal pursuant to Crim. R. 29(A) because the state failed to present evidence that the Ohio Bureau of Motor Vehicles actually mailed the suspension notice to appellant.

The state presented Postal Service Form 3877, a receipt for mail. The form reflects that the Ohio Bureau of Motor Vehicles was the sender and lists twenty pieces of mail. Item No. 7 is a piece of mail addressed to appellant. Although the block for the total number of pieces received at the post office is blank, the endorsement of a receiving employee appears on the form. Further, a round stamp appears at the top showing that $4.00 of postage was paid in Columbus, Ohio, on November 13, 1996. We reject appellant's argument that the stamp is insufficient to demonstrate mailing. Further, we reject appellant's argument that the failure to fill in the blank specified for total number of pieces received renders the receipt invalid. The receipt bears a stamp of the Columbus Post Office and bears an endorsement of a receiving employee of the post office.

The third assignment of error is overruled.

## V

Appellant argues that his right to a speedy trial pursuant to R.C. 2945.71 was violated because he was not brought to trial within ninety days. Specifically, appellant argues that two continuances, entered *sua sponte* by the court, were unreasonable, and, therefore, did not extend the time within which he must be brought to trial pursuant to R.C. 2945.72(H).

■ Appellant first argues that the continuance by the court on April 17, 1997, due to a congested trial docket, was unreasonable. Appellant instead argues that the court should have requested assistance in handling the docket pursuant to R.C. 1901.10(B). We reject this argument. The trial court is not required to appoint an acting judge every time the docket is congested. The continuance by the court was reasonable pursuant to R.C. 2945.72(H).

■ On June 11, 1997, one day before appellant's scheduled jury trial, the court filed an entry stating that the judge was unavailable to preside over the trial due to being assigned by the Ohio Supreme Court to preside over another case, which proceeded to jury trial in the Delaware County Municipal Court. Appellant argues that this journal entry is incorrect, as the case over which the judge was appointed to preside ultimately did not proceed to a jury trial. However, the record does not reflect that the court was aware that the case was not going to proceed to jury trial at the time the entry continuing appellant's case was filed. The continuance was reasonable, pursuant to R.C. 2945.72(H).

The fifth assignment of error is overruled.

The judgment of the Licking County Municipal Court is reversed. The cause is remanded to that court for new trial, consistent with this opinion.

*Judgment accordingly.*

GWIN, P.J., and JOHN W. WISE, J., concur.