OPINION
Defendant, Edward Williams, appeals from his conviction and sentence for inducing panic.
On January 25, 2001, Williams was arrested and charged in Dayton Municipal Court with inducing panic, R.C. 2917.31(A)(2), resisting arrest, R.C. 2921.33(A), and disorderly conduct, R.C. 2917.11(B)(1). The following day, January 26, 2001, Williams was arraigned and released from jail on his own recognizance.
On February 13, 2001, this matter was set for a bench trial on February 27, 2001. On February 16, 2001, Williams filed his written request for a jury trial. On February 23, 2001, the trial court rescheduled this matter for a jury trial on April 5, 2001.
On April 6, 2001, the trial court, acting pursuant to R.C. 2945.72(H), continued the trial until April 26, 2001, at the request of the State because several of the State's witnesses were out of town at a funeral. The State's request for this continuance, which included the court's entry granting same, was time-stamped in the clerk's office on April 9, 2001.
On April 19, 2001, the trial court pursuant to R.C. 2945.72(H), continued the trial to May 17, 2001, sua sponte, due to "overcrowded jury docket."
On May 10, 2001, Williams filed his motion to dismiss based upon a claimed violation of his speedy trial rights. The trial court overruled that motion, citing the two continuances that had been entered pursuant to R.C. 2945.72(H).
Williams entered a plea of no contest on May 14, 2001, to the inducing panic charge in exchange for a dismissal of all other charges. The trial court found Williams guilty and sentenced him to one hundred eighty days in jail and a fifty dollar fine. The trial court suspended the jail term and placed Williams on one year of supervised probation. Williams filed a notice of appeal. Execution of sentence was stayed pending this appeal.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS, AND THEREBY DENIED APPELLANT HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL.
The speedy trial statutes in Ohio implement the constitutional guarantees of a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 281.R.C. 2945.71 imposes upon the State a mandatory duty, which the courtsmust strictly enforce, to bring a defendant to trial within the timeperiod specified in that statute. State v. Palmer (July 25, 1997),Montgomery App. No. 16017, unreported. Once a defendant establishes aprima facie case that his speedy trial rights have been violated, theburden shifts to the State to demonstrate that the statutory time limitwas not exceeded because the time for trial was properly extendedpursuant to the provisions of R.C. 2945.72. State v. Butcher (1986),27 Ohio St.3d 28.
 Williams was charged with misdemeanors of the first, second, and fourthdegrees, all arising from the same incident. The State was required tobring Williams to trial on all of the charges within the time periodrequired for the first degree misdemeanor, the highest degree of offensecharged. R.C. 2945.71(D). Williams having been arrested and charged witha first degree misdemeanor on January 25, 2001, the State was required tobring Williams to trial within ninety days after his arrest, on or beforeApril 25, 2001. R.C. 2945.71(B)(2).
 Williams is not entitled to three days for one credit pursuant to R.C.2945.71(E) because, even though Williams was arrested and jailed when hewas initially charged on January 25, 2001, he was released from jail onJanuary 26, 2001, the first day counted in computing the applicablespeedy trial time limits. Crim.R. 45(A). At the time Williams filed hismotion to dismiss for want of a speedy trial on May 10, 2001, one hundredand five days had elapsed since his arrest. The motion thereforeestablished a prima facie case for discharge.
Pursuant to an Order filed April 6, 2001, and an Entry filed April 9, 2001, the trial court continued the trial at the request of the State from April 5, 2001, until April 26, 2001, because several of the State's witnesses were out of town at a funeral and unavailable for trial. This continuance was granted by the trial court pursuant to R.C. 2945.72(H), which provides:
 The time which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
* * *
 The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.
The continuance of the trial from April 5, 2001, until April 26, 2001, was entered by the court via an Order and an Entry which were both journalized prior to April 25, 2001, the expiration date of the initial ninety day time limit prescribed by R.C. 2945.71. See: State v. Mincy
(1982), 2 Ohio St.3d 6. The necessity of this continuance, and the reasonableness of the continuance in light of that necessity, a three week continuance to a date just one day beyond the initial ninety day limit, is amply demonstrated in the record. State v. Saffell (1988),35 Ohio St.3d 90. Accordingly, this continuance of the trial from April 5, 2001, until April 26, 2001, operated to toll the applicable speedy trial time limits during that period pursuant to R.C. 2945.72 (H). Statev. Mincy, supra; State v. Saffell, supra.
On April 19, 2001, the trial court journalized an Order continuing the trial from April 26, 2001, until May 17, 2001. This sua sponte
continuance by the trial court was entered pursuant to R.C. 2945.72(H) because of "overcrowded jury docket." Once again the necessity for this continuance and the reasonableness of this three week continuance is amply demonstrated by the record. Saffell, supra. Moreover, this continuance was entered by the court by journalized Order prior to April26, 2001, the expiration of the applicable statutory time limit asproperly extended. Mincy, supra. Therefore, the speedy trial time was tolled during the term of the continuance. Williams challenges the validity of this continuance, however, arguing that because another jury trial which had been scheduled ahead of his case for April 26, 2001, did not in fact proceed to trial on that date, his case should have been tried on April 26 because as it turned out there was no need for a continuance.
There is nothing in this record which suggests that on April 19, 2001, when the trial court continued Williams' trial date from April 26 to May 17, the court was aware that the other jury trial scheduled for April 26 would not, in fact, proceed. Under those circumstances, we must presume regularity and good faith on the part of the trial court in concluding that due to docket congestion a brief continuance of Williams' trial was necessary. Mincy, supra; State v. Webb (1998), 126 Ohio App.3d 808. The continuance of Williams' trial from April 26, 2001, until May 17, 2001, was a valid continuance of the applicable speedy trial time limits pursuant to R.C. 2945.72(H).
When Williams moved for discharge pursuant to R.C. 2945.73 on May 10, 2001, one hundred and five calendar days had elapsed since his arrest. However, his statutory speedy trial time was tolled during the two periods discussed above, which total forty days, reducing the time chargeable to the State to less than the ninety days that R.C.2945.71(B)(2) requires. Therefore, the motion was premature and the court properly denied it.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.