{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Andrea D. Heiney, appeals the judgment entered by the Ravenna Division of the Portage County Municipal Court. The trial court found Heiney guilty of driving under suspension and operating a motor vehicle with fictitious plates. *Page 2 
 {¶ 2} In the early morning hours of November 20, 2005, Officer Andrew Suvada of the Streetsboro Police Department was on routine patrol. Officer Suvada was traveling westbound on State Route 14. As he crossed the intersection with State Route 43, Officer Suvada noticed a vehicle in the eastbound lane with its headlights flickering. Also, he noted that the vehicle's exhaust was unusually loud and the engine made noises, suggesting the vehicle was losing power.
 {¶ 3} Officer Suvada turned around to check on the situation. When he caught up to the vehicle, he noticed that the trunk lid was not secure and was bouncing up and down. A short while later, the vehicle attempted to turn into the parking lot of a closed business. However, during the execution of the turn, the vehicle stalled, blocking the westbound lanes of State Route 14. Heiney was driving the vehicle. She explained that the problem may be related to a recently-replaced alternator. Officer Suvada and another officer pushed the vehicle into the parking lot.
 {¶ 4} Heiney provided Officer Suvada her driver's license. She was unable to produce proof of insurance. Officer Suvada checked the status of Heiney's driver's license and discovered it was suspended. In addition, Officer Suvada discovered the license plates on the vehicle were registered to a Chevy, while the vehicle was, in fact, a Mazda. Heiney admitted that the plates were from another vehicle.
 {¶ 5} As a result of this incident, Heiney was charged with driving under suspension, in violation of R.C. 4510.16, operation of an unsafe motor vehicle, in violation of R.C. 4513.02, and fictitious plates, in violation of R.C. 4549.08. Heiney pled not guilty to these charges. *Page 3 
 {¶ 6} A combined bench trial occurred with the instant charges and charges stemming from an unrelated incident. The charges from the other incident included failure to control and operating a vehicle under the influence of alcohol. Heiney has also appealed her conviction for operating a vehicle under the influence of alcohol, and the opinion in that matter is also released today.[1]
 {¶ 7} At the conclusion of the state's case, Heiney moved for acquittal pursuant to Crim.R. 29. The trial court overruled this motion. Thereafter, the trial court found Heiney guilty of the driving under suspension and fictitious plates charges. The trial court found her not guilty of the operating an unsafe vehicle charge. The trial court sentenced Heiney to 180 days in jail and fined her $1000, however, 177 days of the jail time and $850 of the fine were suspended.
 {¶ 8} Heiney's first assignment of error is:
 {¶ 9} "The trial court erred to the prejudice of the defendant-appellant in denying her motion for acquittal made pursuant to Crim.R. 29(A)."
 {¶ 10} On appeal, Heiney only challenges her conviction for driving under suspension. She does not challenge her conviction for fictitious plates. A trial court shall grant a motion for acquittal when there is insufficient evidence to sustain a conviction.[2] When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[3] *Page 4 
 {¶ 11} Heiney was charged with driving under suspension in violation of R.C. 4510.16, which provides, in part:
 {¶ 12} "(A) No person, whose driver's or commercial driver's license or temporary instruction permit or nonresident's operating privilege has been suspended or canceled pursuant to Chapter 4509. of the Revised Code, shall operate any motor vehicle within this state * * * during the period of the suspension or cancellation, except as specifically authorized by Chapter 4509. of the Revised Code."
 {¶ 13} Heiney's sole contention is that the state did not present sufficient evidence demonstrating that the Bureau of Motor Vehicles informed her about her suspension. Ohio Adm. Code 4501:1-10-01 provides, in pertinent part, as follows:
 {¶ 14} "(A) Unless a different method is specified by law, the registrar of motor vehicles shall give written notice of any order revoking, canceling or suspending a driver's license * * * in accordance with the provisions of this rule."
 {¶ 15} Courts have held that notice of a suspension is an inferred element of a driving under suspension charge.[4] This is because "it would be fundamentally unfair to convict a defendant for driving while under suspension when that person has not been given notice of the suspension."[5]
 {¶ 16} The notice is to be sent to the person's "last known address."[6] We note that sending the notice via regular mail is sufficient.[7] Further, while notice is required, the state does not have to prove "actual notice."[8] Rather, notice is complete upon *Page 5 
deposit of the notice with the postal service.[9]
 {¶ 17} Ohio Adm. Code 4501:1-10-02 is entitled "Proof of mailing procedures" and provides, in part:
 {¶ 18} "(B) The bureau of motor vehicles shall maintain a record of the deposit in the United States mail of every written notice of any order sent by regular mail. The record shall include the name of the addressee, the address to which the notice was sent, the bureau of motor vehicles case number or other identifying number, and any other information prescribed by the registrar. The record shall also include the date of delivery to the United States Postal Service either entered or verified by the United States Postal Service by application of a `round stamp' or some similar evidence of the date."
 {¶ 19} At the trial, the state introduced state's exhibit A, which was admitted into evidence. This exhibit is a certified copy of Heiney's driving record from the Ohio Bureau of Motor Vehicles. Contained in this exhibit is the mailing record indicating a mailing was sent to Heiney at her Ravenna address. This document contains all of the requirements set forth in Ohio Adm. Code 4501:1-10-02(B). This document is sufficient to demonstrate the notice was mailed to Heiney.[10]
 {¶ 20} In addition, state's exhibit A contains a copy of a document entitled "Notice of Suspension." This document contains Heiney's name and Ravenna address. It informs Heiney that her driver's license is suspended. The Second Appellate District held that an identical notice constituted sufficient evidence that an individual was *Page 6 
informed his or her license was suspended.[11]
 {¶ 21} Between the notice of suspension and the mailing record indicating a mailing was sent to Heiney at her Ravenna address, the state presented sufficient evidence that Heiney was informed her driver's license was suspended. She was driving on the night in question. As such, the state presented sufficient evidence for the trial court to find Heiney guilty of driving under suspension beyond a reasonable doubt. Thus, the trial court did not err when it denied Heiney's Crim.R. 29 motion for acquittal.
 {¶ 22} Heiney's first assignment of error is without merit.
 {¶ 23} Heiney's second assignment of error is:
 {¶ 24} "The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 25} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 26} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of facts] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"[12] *Page 7 
 {¶ 27} The weight to be given to the evidence and the credibility of witnesses are primarily matters for the trier of facts to decide.[13]
 {¶ 28} Officer Suvada testified that Heiney informed him that she was unaware her license was suspended, but she did know that "something was pending on her license." As we noted above, the state presented sufficient evidence that the Bureau of Motor Vehicles mailed the notice of suspension to Heiney. This created a rebuttable presumption that Heiney received the notice.[14] Thus, the burden shifted to Heiney to provide evidence that she did not receive notice. Heiney did not testify at trial. We cannot conclude that Heiney satisfied her burden through the general statement to Officer Suvada, that she "didn't think [her license] was suspended at [the time of the stop]."
 {¶ 29} Officer Suvada testified he did not see anything in the documents from the Bureau of Motor Vehicles indicating that the notice of suspension was sent to Heiney. However, the documents speak for themselves. The state introduced a document entitled "Notice of Suspension," which contained Heiney's name and address. This document is dated September 21, 2005. The state also introduced a copy of the Bureau of Motor Vehicles' mailing record, indicating an item concerning Heiney's case number regarding her suspension was sent to her Ravenna address on September 21, 2005.
 {¶ 30} The trial court did not create a manifest miscarriage of justice by finding Heiney guilty of driving under suspension. *Page 8 
 {¶ 31} Heiney's second assignment of error is without merit.
 {¶ 32} The judgment of the trial court is affirmed.
COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur.
[1] State v. Heiney, 11th Dist. No. 2006-P-0073.
[2] Crim.R. 29(A).
[3] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307.
[4] State v. Roy (Feb. 4, 2000), 3d Dist. No. 2-99-27, 2000 Ohio App. LEXIS 361, at *5-6, citing State v. Gilbo (1994), 96 Ohio St.3d 332, 338
and State v. Webb (1998), 126 Ohio App.3d 808, 811.
[5] Id.
[6] Ohio Adm. Code 4501:1-10-01(B).
[7] Ohio Adm. Code 4501:1-10-02(B); Ohio Adm. Code 4501:1-10-01(B);State v. Roy, 2000 Ohio App. LEXIS 361, at *7; and State v. Gilbo,96 Ohio St.3d at 339.
[8] Ohio Adm. Code 4501:1-10-02(E). See, also, State v. Webb,126 Ohio App.3d at 812.
[9] Id.
[10] See Ohio Adm. Code 4501:1-10-02(B). See, also, State v. Webb,126 Ohio App.3d at 813.
[11] See State v. Gilbo, 96 Ohio St.3d at 339-340.
[12] (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.
[13] State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
[14] State v. Webb, 126 Ohio App.3d at 812. *Page 1