OPINION
On May 20, 2001, appellant, Rodney Carpenter, was cited with driving under the influence in violation of R.C. 4511.19, operating a motor vehicle with a suspended license in violation of R.C. 4507.02 and failure to drive in marked lanes in violation of R.C. 4511.33.
Appellant appeared before the trial court on May 21, 2001. By judgment entry filed same date, the trial court tolled the trial time until the next hearing date, May 30, 2001, to accommodate appellant's request to hire an attorney.
On May 30, 2001, appellant appeared before the trial court without an attorney. The trial court entered a not guilty plea, appointed counsel and set a jury trial for June 21, 2001.
On June 20, 2001, appellant filed a motion to dismiss based on speedy trial grounds. The trial court denied the motion.
On June 21, 2001, appellant pled no contest. By judgment entry filed June 21, 2001, the trial court sentenced appellant to an aggregate term of one year, one hundred eighty days suspended, and imposed a fine of $550.00 plus court costs.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANTS MOTION TO DISMISS BASED ON SPEEDY TRIAL GROUNDS.
 I
Appellant claims the trial court erred in denying his motion to dismiss based on speedy trial grounds. We disagree.
R.C. 2945.71(A)(2) mandates that first degree misdemeanors be tried within ninety days from the issuance of the citation. The ninety days was subject to the triple count provision of R.C. 2945.71(E) as appellant was unable to post bond and thus remained in jail. The time within which an accused must be brought to trial may be extended by "[a]ny period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law" or "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
Appellant was cited on May 20, 2001, making his try-by date June 19, 2001. On May 21, 2001, appellant appeared before the trial court without counsel. By judgment entry filed May 21, 2001, the trial court tolled the trial time from May 21, 2001 until the next hearing date, May 30, 2001, to "accommodate a continuance requested by DEFENDANT" because he "wants to hire counsel" [R.C. 2945.72(H)]. The trial court also noted appellant's lack of counsel [R.C. 2945.72(C)]. Appellant appeared on May 30, 2001, again, without counsel. The trial court appointed counsel and on June 7, 2001, set the trial for June 21, 2001.
In his brief, appellant acknowledges that R.C. 2945.72(H) extends the try-by date when a defendant requests a continuance. However, appellant argues said statute should not apply sub judice because he "did not comprehend the nature of what he was doing." Appellant's Brief at 7. Appellant did not know his answers to "the judge's questions about time to get a lawyer would extend the time he would sit in jail awaiting trial."Id. We note appellant does not cite to any specific references in the transcript, as appellant failed to transcribe the videotape of appellant's initial appearance pursuant to App.R. 9(A). As a result, we must presume regularity in the trial court proceedings and affirm. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197.
In reviewing the docket, we find the trial court's journalization of the continuance prior to the expiration of the trial time coupled with the specific findings that appellant requested a continuance in order to hire counsel and appellant lacked counsel to be sufficient to warrant the denial of appellant's motion to dismiss. See, State v. Mincy (1982),2 Ohio St.3d 6, syllabus, wherein the Supreme Court of Ohio held "[w]hensua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71
for bringing a defendant to trial."
The sole assignment of error is denied.
The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Delaware County, Ohio is affirmed.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.