OPINION
{¶ 1} On September 2, 2004, appellant, Robert Stickle, was charged with driving under suspension in violation of R.C.4510.16 and operating a commercial vehicle without a fuel tax sticker in violation of R.C. 5728.04. A jury trial on the fuel tax sticker charge commenced on February 16, 2005. The driving under suspension charge was scheduled to be heard on a different date. The jury found appellant guilty. By journal entry filed February 16, 2005, the trial court sentenced appellant to thirty days in jail, with twenty days suspended.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE TRIAL COURT ERRED BY NOT GRANTING THE APPELLANT'S MOTION TO DISMISS FOR NOT BRINGING THE APPELLANT TO TRIAL WITHIN THE TIME PRESCRIBED BY STATUTE."
 II {¶ 4} "THE TRIAL COURT ERRED BY NOT GIVING THE JURY INSTRUCTION REQUESTED BY APPELLANT AND NOT PROPERLY INSTRUCTING THE JURY AS TO THE LAW."
 III {¶ 5} "THE TRIAL COURTS DECISION FINDING APPELLANT GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 6} Appellant claims the trial court erred in not granting his motion to dismiss for failure to try him within the provisions of R.C. 2945.71. We disagree.
 {¶ 7} R.C. 2945.71 governs time within which hearing or trial must be held. Subsection (B)(2) states the following:
 {¶ 8} "(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 {¶ 9} "(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."
 {¶ 10} Appellant argues his trial began on the ninety-first day. Appellant was cited on September 2, 2004, and his original trial date was scheduled as a non-jury trial for November 4, 2004. After counsel was appointed, the matter was rescheduled for a jury trial for November 17, 2004. On November 16, 2004, defense counsel requested a continuance as set forth in the trial court's November 18, 2004 judgment entry granting the continuance:
 {¶ 11} "This matter came before the Court on November 16, 2004, based upon defendant's personal appearance for a continuance of the JURY TRIAL scheduled for November 17, 2004, in the above captioned case for the reason of Atty: Dingus ask for continuance so the (sic) could call a new witness.
 {¶ 12} "Based upon the Defendant's request and for good cause shown this matter is hereby continued until February 2, 2005, at 9:00 AM."
 {¶ 13} By journal entry filed February 1, 2005, the trial court rescheduled the trial date to February 16, 2005 "in favor of a case with a higher trial priority."
 {¶ 14} Clearly the time between appellant's continuance request and the rescheduled trial does not count against the state, November 16, 2004 to February 1, 2005. Prior to this time, seventy-five days had lapsed. Appellant argues the time from February 2, 2005 to February 16, 2005 should be counted against the state. We disagree. In State v. Mincy (1982),2 Ohio St.3d 6, syllabus, the Supreme Court of Ohio held the following:
 {¶ 15} "When sua sponte granting a continuance under R.C.2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial."
 {¶ 16} In this case, the trial court journalized the continuance of the trial prior to the expiration of the time limit. Therefore, we find no violation of R.C. 2945.71.
 {¶ 17} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.
 {¶ 18} Assignment of Error I is denied.
 II {¶ 19} Appellant claims the trial court erred in not giving his proposed jury instructions on "commercial vehicle." We disagree.
 {¶ 20} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993),90 Ohio App.3d 338. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. State v. Coleman
(1988), 37 Ohio St.3d 286.
 {¶ 21} Defense counsel argued and requested the following jury instruction:
 {¶ 22} "According to 5728.04 Section, it will be unlawful for a person to operate a commercial car with three or more axles when operated alone or as part of a commercial tandem. If you look at the definition of commercial car under 5728.01, it defines commercial car as any motor vehicle used for transporting property wholly on its own structure on a public highway.
 {¶ 23} "I would request that the instruction regarding the definition of commercial car be specified that any motor vehicle, commercial car is any motor vehicle that is actually hauling property or transporting property on it and not alone.
 {¶ 24} "If it is alone, it doesn't require a fuel tax sticker. However, if it is actually transporting property, at that point in time is when it would need it. So I guess the instruction I would request the Court to give would be the definition of commercial car meaning a motor vehicle that is actually at that time transporting property. Thank you." T. at 44.
 {¶ 25} The trial court determined the definition was not applicable because the facts established the vehicle was a commercial tractor, not a commercial car. T. at 45-46.
 {¶ 26} R.C. 5728.01(B) and (C) define "commercial car" and "commercial tractor" as follows:
 {¶ 27} "(B) `Commercial car' means any motor vehicle used for transporting persons or property, wholly on its own structure on a public highway.
 {¶ 28} "(C) `Commercial tractor' means any motor vehicle designed and used to propel or draw a trailer or semi-trailer or both on a public highway without having any provision for carrying loads independently of such trailer or semi-trailer."
 {¶ 29} Appellant's vehicle was an "early '90's model * * * Volvo or a white semi truck" with a sleeper compartment, three axles and no trailer attached. T. at 20. Throughout the testimony of the witnesses, the vehicle was referred to as a "truck," "tractor," "sleeper cab" or "semi." T. at 19, 20, 21, 24, 27, 31-32, 35-36.
 {¶ 30} We concur with the trial court that appellant's requested instructions were not appropriate. The trial court correctly defined "commercial tractor" for the jury. T. at 69.
 {¶ 31} Upon review, we find the trial court did not err in refusing to instruct the jury as requested by appellant.
 {¶ 32} Assignment of Error II is denied.
 III {¶ 33} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 34} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 35} Appellant was convicted of operating a commercial vehicle without a fuel tax sticker pursuant to R.C. 5728.04 which states the following:
 {¶ 36} "(A) It is unlawful for any person to operate a commercial car or a commercial tractor that is subject to the tax imposed by section 5728.06 of the Revised Code on a public highway in two or more jurisdictions under either of the following circumstances:
 {¶ 37} "(1) Without a fuel use permit or single trip fuel use permit for such commercial car or commercial tractor.
 {¶ 38} "(2) With a suspended or surrendered fuel use permit for such commercial car or commercial tractor."
 {¶ 39} Mt. Gilead Police Chief Brian Zerman testified appellant was operating an "early '90's model * * * Volvo or a white semi truck" with a sleeper compartment, three axles and no trailer attached. T. at 20. He explained the fuel tax sticker on appellant's semi was for 1999 and had expired. T. at 21. Chief Zerman determined appellant lived in Xenia. T. at 23.
 {¶ 40} We find there was sufficient, credible evidence to support the fact that the vehicle was a commercial tractor as defined in R.C. 5728.01(C), had traveled on a public highway in two or more jurisdictions and the fuel sticker on the vehicle had expired.
 {¶ 41} Upon review, we find the jury did not clearly lose its way, and we do not find a manifest miscarriage of justice.
 {¶ 42} Assignment of Error III is denied.
 {¶ 43} The judgment of the Municipal Court of Morrow County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Morrow County, Ohio is affirmed.